R. L. TOMLINSON v. TOWN OF NORWOOD AND NEW AMSTERDAM CASUALTY COMPANY.

(Filed 20 November, 1935.)

**1. Municipal Corporations D a—**

A policeman has the authority under general statute to deputize a citizen to aid him in serving a warrant for breach of the peace, N. C. Code, 4379, 4547, a policeman being given the same authority, within the town limits, in making arrests as a sheriff. N. C. Code, 2642.

**2. Master and Servant F a—Citizen deputized by policeman to aid in serving warrant for breach of the peace held employee of the town.**

Evidence that claimant was injured while attempting to aid a policeman in serving a warrant for breach of the peace, and that claimant had been duly deputized by the policeman to aid in making the arrest, *is held* sufficient to support the finding of the Industrial Commission that at the time of injury claimant was an employee of defendant town under a valid appointment. N. C. Code, 8081 (i) (b).

**3. Master and Servant F i—**

The finding of the Industrial Commission upon competent evidence that claimant was an employee of defendant employer at the time of the injury is binding on the courts upon appeal.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Alley, J.,* at February Term, 1935, of STANLY. Affirmed.

The matter was heard before the N. C. Industrial Commission. T. C. Blalock was elected and duly took the oath: "I will faithfully, to the best of my ability, perform the duties of policeman for the town of Norwood, so help me, God."

On 26 September, 1933, he, Blalock, was policeman of the town of Norwood and the only officer of that character. A warrant was issued by S. J. Lentz, a justice of the peace, against one Baxter Bunn. He

TOMLINSON *v.* NORWOOD.

was charged with entering the house of Lee Mauldin by force, in the absence of Mauldin and his wife, in the town of Norwood. He had gone to Mauldin's home, broken in, and run the children out. This was about 8:30 o'clock at night. He was drunk and a dangerous man. R. L. Tomlinson, the plaintiff, was operating a cafe in the town. About 10 o'clock the same night Blalock deputized Tomlinson to go with him to serve the warrant. Bunn was in the house and was told by Blalock his authority to arrest him, and in the attempt to do so Bunn shot out the window and hit Tomlinson. Blalock went to the rescue of Tomlinson and, while taking him about 35 feet from the house, Bunn shot Blalock out of the same window. It was in evidence that Mauldin and Bunn had married sisters and Bunn had gone to Mauldin's after his wife.

The findings of fact: "That the plaintiff and the defendant employer had accepted the provisions of the Compensation Law and the New Amsterdam Casualty Company was the insurance carrier. That the plaintiff was duly and legally deputized by the chief of police of the town of Norwood on the night of 26 September, 1933, to assist in the arrest of Baxter Bunn, who was charged with unlawfully entering a house and for whom a warrant had been sworn out by a Mr. Mauldin, said warrant being in the hands of the chief of police. That while assisting in the arrest of said Bunn the plaintiff was shot by the said Bunn, and that he has been totally disabled since the date of the accident, 26 September, 1933. That the plaintiff sustained an injury by accident arising out of and in the course of his regular employment, 26 September, 1933, as a special deputized officer of the town of Norwood, when he was shot by Baxter Bunn," etc.

The hearing Commissioner and Full Commission, after finding of facts, made an award in favor of plaintiff. Defendant excepted and assigned error, and appealed to the Superior Court. The Superior Court rendered judgment affirming the award of the Industrial Commission. The defendant excepted to the judgment as signed, and appealed to the Supreme Court.

*Robinson, Pruette & Caudle for plaintiff.*
*W. E. Smith for town of Norwood.*
*J. Lawrence Jones and J. L. DeLaney for New Amsterdam Casualty Company.*

CLARKSON, J. The question involved: Was the plaintiff, at the time he sustained the injuries complained of, an employee of the town of Norwood, and did such injuries arise out of and in the course of such employment? We think so.

TOMLINSON *v.* NORWOOD.

The defendants introduced evidence: The town charter and ordinances to the effect that T. C. Blalock, the policeman of the town of Norwood, had not been given authority to deputize anyone to aid him in making arrests. We find a general statute on the subject: "A policeman shall have the same authority to make arrests and to execute criminal process, within the town limits, as is vested by law in a sheriff." N. C. Code, 1935 (Michie), section 2642.

N. C. Code, 1935 (Michie), section 4379, is as follows: "If any person, after having been lawfully commanded to aid an officer in arresting any person, or in retaking any person who has escaped from legal custody, or in executing any legal process, wilfully neglects or refuses to aid such officer, he shall be guilty of a misdemeanor." *State v. Ditmore,* 177 N. C., 592.

Section 4547 reads as follows: "Every person summoned by a judge, justice, mayor, intendment, chief officer of any incorporated town, sheriff, coroner, or constable, to aid in suppressing any riot, rout, unlawful assembly, affray, or other breach of the peace, or to arrest the persons engaged in the commission of such offense, or to prevent the commission of any felony or larceny which may be threatened or begun, shall do so."

Blalock, while acting as a policeman, had, under the statute, the same authority as a sheriff to make arrests. He had a legal right to deputize one to aid him in serving the warrant for the offense for which Bunn is charged—a breach of the peace. The plaintiff relies on *Moore v. State,* 200 N. C., 300. In that case the findings of fact are: "(1) At the time of the accident the claimant was acting as assistant to Everett Bryson, who was duly appointed forest warden for the particular district, and who had summoned the claimant in pursuance of the authority given him by section 6137 of the North Carolina Code. (2) While so engaged the claimant was injured in the eye, which resulted in the complete loss of vision. (3) The claimant was engaged as assistant, under summons, of the forest warden, in the extinguishment of the forest fire for the period of five hours, for which he received compensation at the rate of 20 cents per hour." *Adams, J.,* writing the opinion, says, at p. 301: "The award of the Industrial Commission is conclusive and binding as to all questions of fact. Workmen's Compensation Law (P. L. 1929, ch. 120), sec. 60. Whether an injury by accident has arisen out of and in the course of a person's employment is a mixed question of law and fact, and while the parties to an action or proceeding may admit or agree upon facts, they cannot make admissions of law which will be binding upon the courts." In the *Moore case, supra,* an award was affirmed by this Court.

It will be noted that in that case the forest warden was given statutory authority to appoint persons between certain ages to assist in fight-

ing forest fires, and to compensate them. In the present case, the policeman, Blalock, is given the same authority as a sheriff to deputize the plaintiff to assist him to arrest under section 4547, *supra,* for breach of the peace, of which Bunn was charged in the warrant. Compensation would follow as a matter of course. N. C. Code, 1935 (Michie), section 8081 (i), subsec. (b) (f). We think the *Moore case, supra,* is practically on "all fours" with the present case.

N. C. Code, 1935 (Michie), section 8081 (i), subsection (b), in part, is as follows: "The term 'employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also minors whether lawfully or unlawfully employed, but excluding persons whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer, . . . as relating to municipal corporations and political subdivisions of the State, the term 'employee' shall include all officers and employees thereof, except such as are elected by the people or elected by the council or other governing body of said municipal corporation or political subdivision, who act in purely administrative capacities, and to serve for a definite term of office," etc.

In *Monterey County v. Rader* (Cal.), 248 Pac., 912, 47 A. L. R., p. 359 (syllabus), we find: "A bystander summoned by the sheriff to assist in making an arrest is within the operation of a Workmen's Compensation Act declaring an employee to be every person in service under any appointment." *West Salem v. Industrial Com.,* 162 Wis., 57; see *Sanders v. Allen, ante,* 189.

It is well settled that the Industrial Commission, having found from competent evidence that the plaintiff was an employee of the town of Norwood at the time of his injury, such finding is binding upon us.

For the reasons given, the judgment of the court below is
Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.