**COUNTY OF LEON, a political subdivision of the State of Florida, v. MRS. CLYDE SAULS and FLORIDA INDUSTRIAL COMMISSION.**

9 So. (2nd) 461                                                    En Banc

July 21, 1942

J. Lewis Hall, for appellant.

Walter E. Rountree, for Appellee, Florida Industrial Commission; Ben C. Willis and Julian Alford, for Mrs. Clyde Sauls, appellees.

TERRELL, J.:

In February, 1940, T. B. Oppert, a duly elected constable of Leon County requested Clyde Sauls to assist him in the arrest of one charged with crime. Sauls accepted and proceeded with Oppert to a negro jook in Tallahassee in search of their man and while there a fracas ensued with some of the attendants in which Sauls was killed. A claim for compensation was filed with the Florida Industrial Commission by the claimant, Mrs. Clyde Sauls, on the theory that deceased was an employee of Leon County at the time of his death. The Deputy Commissioner found in favor of the claimant and awarded her compensation at eighteen dollars per week which was approved by the Florida Industrial Commission and on appeal was affirmed by the circuit court. This appeal was prosecuted.

The question presented is whether or not under the facts stated, Clyde Sauls was an employee of Leon County at the time of his death as contemplated by the Workmen's Compensation Act and if he was, are his dependants entitled to compensation under said Act.

It is first contended that deceased was engaged by Oppert pursuant to Section 7530, Compiled General Laws of 1927, that he had no alternative but to serve and that by virtue of the terms of said Act he was an

employee of Leon County in contemplation of the Workmen's Compensation Act. Section 7530 is as follows:

'Whoever, being required in the name of the State by any constable, police officer or watchman, neglects or refuses to assist him in the execution of his office in a criminal case, or in the preservation of the peace, or the apprehending or securing of any person for a breach of the peace, or in case of rescue or escape of person arrested upon civil process, shall be punished by imprisonment not exceeding one month, or by fine not exceeding fifty dollars."

The Act as quoted was originally Section Sixteen of Subchapter Six, Chapter 1637, Acts of 1868, the title to which was an Act to Provide for the Punishment of Crime and Proceedings in Criminal Cases. It is a comprehensive general law covering the whole subject of crime and criminal procedure, covers fifty pages and was enacted immediately after the adoption of the Constitution of 1868. It comprehends crimes against the State, the person, property, currency, public justice, public peace, chastity, morality and decency, public health, public policy, elections, and others. The purpose of the quoted provision of the Act was to enable sheriffs and police officers to organize a posse comitatus to assist them in the performance of official duties but the call conferred no official status on those called. It had no more relation to employment as contemplated by the Workmen's Compensation Act than the Declaration of Independence had. It antedated the latter Act about seventy years, provided no compensation but imposed a duty on every citizen to aid the sheriff in emergencies.

Having reached this conclusion as to the scope of Section 7530, the question recurs as to whether or not the Workmen's Compensation Act, Chapter 17481, Acts of 1935, as amended by Chapter 18413, Acts of 1937, affords the claimant any relief. The pertinent provisions are Section Two Subdivision One as follows:

"The term 'employment' includes employment by the State and all political subdivisions thereof, except officers elected at the polls . . ."

Section Two, Subdivision Two is as follows:

"The term 'employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens and also including minors, whether lawfully or unlawfully employed, but excluding independent contractors and excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer."

Section Two, Subdivision Three is as follows:

'The term 'employer' means the State and all political subdivisions thereof . . ."

Section Fourteen defines the method of computing the compensation of all employees. It is admitted that the compensation allowed appellee was calculated under paragraph "C", that no other provision is applicable and that said paragraph is as follows:

"(c) If either of the foregoing methods of arriving at the annual earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class working in

the same or most similar employment in the same neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the injury.

A study of the title, the quoted provisions, the definitions and other provision of the Workmen's' Compensation Act show conclusively that it is limited to those employed or appointed under contract of hire or apprenticeship, express or implied, oral or written and excludes those whose employment is both casual and not in the course of the trade, business, or occupation of his employer. The employer may be the State or any of its subdivisions.

A study of Section Fourteen dealing exclusively with the matter of compensation shows that there must exist a contractual relationship between employer and employee grounded on consideration passing from one to the other. Every provision of the Act points to this and the basis of compensation by the day, week, or year leaves no doubt whatever about it. The following cases support this holding: Hollowell v. North Carolina Department of Conservation, 206 N.C. 206, 173 S.E. 603; Coviello v. Industrial Commission of Ohio, 129 Ohio State, 589, 196 N.E. 661; Basham v. County Court of Kanawha County, 114 W. Va. 376, 171 S.E. 892; Borders v. Cline, Sheriff, 212 N.C. 472, 193 S.E. 826.

The Act in other words applies to employees who work for employers with a trade, business, profession, or occupation and it in terms excludes those whose employment is casual and not in the course of such trade, business, profession, or occupation. Deceased had no contractual relation with the County; he was

performing a duty by request of Oppert that any citizen might be called on to perform and for which no official status or compensation was provided under the statute. He was a mere assistant to an elected officer who was barred of compensation by the terms of the Act. Oppert's wife could not recover and his assistant's wife is in no better position. There was no theory upon which a citizen called on to perform a special duty that he may never be called on to perform again could be likened in employment to a constable's wages and paid on that basis. Paragraphs a, b, and c, of Section Fourteen all show that compensation must be based on comparisons drawn from employees within the trade, business, or profession or in those in proximity to it.

Courts have no power to extend the provisions of the Workmen's Compensation Act to classes not clearly contemplated by it. There is no class of county employees that may be compared to a citizen called on to perform such a duty as is involved in this case and it was clearly not contemplated by the Act. If its provisions can be extended to cases like this, then it can be extended to jurors, election inspectors, bond trustees, appraisers, mark and brand inspectors, and any person deputized or called on for any purpose. There would be no limit to those who could claim against the county and there would be no stability to county budgets.

To support her theory of the case, claimant relies on Shawano County v. Industrial Commission, 219 Wis. 513, 263 N.W. 590; Vilas County, et al., v. Monk, et al., 200 Wis. 446, 228 N.W. 589; Mitchell v. Industrial Commission, 57 Ohio App. 319, 13 N.E. (2nd) 736; Tomlinson v. Town of Norwood, 208 N.C. 716,

182 S.E. 659; Monterey County v. Rader, 199 Cal. 221, 248 Pac. 912; Village of West Salem v. Industrial Commission 162 Wis. 57, 155 N.W. 929.

These cases have been examined but none of them conclude the question raised in the case. In factual background some of them are very similar to this case but they all involve statutes where there was a fixed compensation or where the power lay in some one to fix it; hence there was a basis for compensation but in the case at bar, the deceased was performing a gratuitous service which was not compensable under the Workmen's Compensation Act.

The statutes involved in the cases relied on by the claimant while similar in import, have material differences from the Florida Workmen's Compensation Act. The Florida Act excludes elected officers from its benefits while they include them. They provide in terms for benefits to officers engaged in governmental functions while the Florida Act makes no such provision. The Florida Act is by its terms limited to those with an appointment or contract for services for which a stated compensation passes and we find nothing within its compass extending the jural postulate actuating Workmen's Compensation, the insurance theory of liability and other social security legislation in many states, viz: when misfortune overtakes any unit of society, it should be borne by society as a whole or when large numbers are employed in any industry, the industry should bear the misfortune of the individual. The Legislature may employ these devices to distribute the burden but courts are not permitted that latitude. The question of sympathy or who is most able to bear the loss is not a part of the judicial process.

The Workmen's Compensation Act should be liberally construed in relation to those it was designed to reach but the rule of liberal construction cannot be strained to the point of extending it to employments not within its scope or intent. It would be manifestly unjust to those who support the fund to do this. We can conceive of no theory under the rule of liberal construction by which deceased could be construed as an employee of the county under the terms of the Workmen's Compensation Act.

It follows that the judgment appealed from must be and is hereby reversed.

Reversed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, JJ., concur.

ADAMS, J., not participating.