CLAUDE H. WOLFE, INC., SAINT PAUL MERCURY INDEMNITY COMPANY, v. CLAUDE H. WOLFE, FLORIDA INDUSTRIAL COMMISSION.

18 So. (2nd) 535        June Term, 1944
June 27, 1944        Division A

634

*Maguire, Voorhis & Wells, R. F. Maguire* and *W. H. Poe,* for appellants.

*Baker & Thornal* and *Walter E. Rountree,* for appellees.

PER CURIAM:

This is a compensation case. Claude H. Wolfe is the president and general manager of Claude H. Wolfe, Inc. He organized the company about fifteen years ago. He has always owned a substantial majority of the shares of stock of the corporation. The corporation, for several years, operated a retail store engaged in selling electrical applicances such as refrigerators, radios, electric washing machines, electric stoves, and similar articles. It wired, installed and repaired such electrical articles.

The claimant, Claude H. Wolfe, worked in and around the store as an employee on the same basis as other employees. He received a monthly salary of $350.00, stock dividends, and a bonus based largely upon the amount of profits arising from sales and purchase of articles of mechandise in behalf of the corporation. Wolfe personally owned 92 shares of stock; Mr. Howatt, vice-president, owned four; and Mr. Andrews, secretary-treasurer, owned four. Mr. Wolfe testified that he was an employee and as such was general manager of the business, although he was president of the corporation. That the other directors had the power to discharge him and denied that he controlled the business policies of the corporation.

On May 29, 1942, Mr. Wolfe, with a friend, went from Orlando to Jacksonville, Florida, in Mr. Wolfe's car. On this trip he bought, while in Jacksonville, enumerated items of merchandise for the corporation, and while returning home was injured in an automobile wreck. He was in the hospital from May 29th to June 17th, and returned to work with the corporation on October 6, 1942. It is admitted, if liability exists, the claimant will be entitled to compensation in the sum of $318.00 and hospital, doctor and medical bills in the sum of $1,000.00. That during the incapacity period from May until October, 1942, he did not receive from the corporation his monthly salary of $350.00. The Florida Industrial Commission held that Wolfe was an employee of the corporation and the sustained injuries were compensable. On appeal the order of the Commission was affirmed by the circuit court, and the carrier appealed.

The crux of this controversy is whether or not the claimant, Wolfe, was an employee of the Claude .H. Wolfe, Inc., on May 29, 1942, within the meaning of Sub-section (2) of Section 440.02, Fla. Stats. 1941 (F.S.A.), viz:

"(2) The term 'employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also including minors whether lawfully or unlawfully employed, but excluding independent contractors and excluding persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer."

The case of County of Leon v. Sauls, 151 Fla. 171, 9 So. (2nd) 461, involved the term "employment" within the meaning of the cited statute. It appears that a Leon County constable requested Clyde Sauls to assist him in the arrest of one charged with a crime and Sauls accepted and in the effort of making the arrest Clyde Sauls was killed. The widow of the deceased Sauls claimed that her husband was an employee of Leon County when killed and entitled to compensation. We denied the claim and, in part, said:

"A study of Section 14 dealing exclusively with the matter of compensation shows that there must exist a contractual

relationship between employer and employee grounded on consideràtion passing from one to the other. Every provision of the act points to this and the basis of compensation by the day, week, or year leaves no doubt whatever about it. . . . The Act in other words applies to employees who work for employers with a trade, business, profession, or occupation and it in terms excludes those whose employment is casual and not in the course of such trade, business, profession, or occupation. Deceased had no contractual relation with the County; he was performing a duty by request of Oppert that any citizen might be called on to perform and for which no official status or compensation was provided under the ·statute. He was a mere assistant to an elected officer who was barred of compensation by the terms of the Act. Oppert's wife could not recover and his assistant's wife is in no better position. There was no theory upon which a citizen called on to perform a special duty that he may never be called on to perform again could be likened in employment to a constable's wages and paid on that basis. Paragraphs a, b and c, of Section 14, all show that compensation must be based on comparisons drawn from employees within the trade, business, or profession or in those in proximity to it."

The statute, supra, in general terms, defines an employee to mean every person engaged in employment. Employment generally is the result of an agreement between the employer and the employee. It may arise under an appointment or by contract of hire or by apprenticeship, either expressed, or implied, oral or written. The relation of employer and employee may exist between aliens or minors but the term employee excludes independent contractors and others whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer. The ownership of stock or holding an office in a private corporation is not inconsistent with the quoted statute. The evidence supports the conclusion of the lower court that the claimant, when injured, was the president and general manager of Claude H. Wolfe, Inc.

The court below held that Claude H. Wolfe, when injured,.

was acting in the role or capacity of manager of Claude H. Wolfe, Inc., and his claims were compensable. The claimant did not receive a salary as president of the corporation, but was paid $350.00 per month as an employee, conditioned on service rendered the corporation. He did not receive the regular monthly salary from May until October, 1942, when recovering from the injuries sustained. Additional to the monthly salary he was paid a bonus for purchases and sales made in behalf of the corporation.

He testified, in part, viz:

"My work is selling, buying, supervision of the service department, supervision of the sales department, customer good will, advertising, promotion, publicity. I probably sell more than any man that works for (Claude Wolfe, Inc.) . . . I buy all of the merchandise for the Wolfe Company. I sell (also) but I am not paid a commission on sales, as the salesmen are. Mr. Andrews is the sales manager. . . . I work as an employee there right along on the same basis with any other employee. In discussions for new merchandise and experience with other dealers, I wouldn't think I was exercising my functions as president. I assume the functions as president are purely those things that lead to the legality of the operations of the corporation, I would say, which as president of the corporation is a very small part of my effort toward the whole business."

The claimant testified as to the services rendered the corporation on his trip from Orlando to Jacksonville and return on May 28th and 29th. The business transacted by him on this occasion could not have been as president of the corporation, but as an employee. The evidence supports the findings of the court below. Cases cited from other jurisdictions have been carefully examined and studied. The holdings are not uniform and the conflict is possibly attributable to the phraseology of the several statutes.

We fail to find error in the record.

Affirmed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.