70 So.2d 564 (1954)
BEN-JAY FOOD DISTRIBUTORS, Inc. et al.
v.
WARSHAW et al.
Supreme Court of Florida. Division A.
February 19, 1954.
Rehearing Denied March 15, 1954.
Frank M. Marks and E. Albert Pallot, Miami, for petitioners.
Robert J. Lewison, Miami, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
MATHEWS, Justice.
This is a petition for writ of certiorari from a final order of the full Commission in which the order of the Deputy Commissioner was reversed.
In the order of reversal the full Commission said:
"* * * In the opinion of the Commission the Claimant was an employee and is due compensation under the authority of Claude H. Wolfe, Inc., v. Wolfe, [154 Fla. 633], 18 So.2d 535. * * *"
In the order of the Deputy it was stated that the sole issue was whether the claimant was an "employee" of Ben-Jay Food Distributors, Inc. within the meaning of Section 440.02(2) of the Florida Workmen's Compensation Law, F.S.A.
For more than six years the claimant had operated the business as an unincorporated business. At the time of incorporation of the business the claimant and his wife claimed to own the entire business and offered to transfer the business to the corporation in consideration of the issuance of fifty shares of stock to the claimant and his wife. At that time the Minute Book of the corporation shows that the claimant, as President of the corporation, was voted a salary of $100 per week. He was General Manager of the corporation, supervised the loading and unloading of merchandise, did the buying, selling, hiring and "everything that goes with running an organization." The establishment opened at 7:30 a.m. and closed at 5:30 p.m. and he put in a full day, opening and closing the plant. The payroll records of the corporation included claimant's name at $100 per week since the date of the corporation's inception up to November 16, 1952. On that date, claimant fell from a platform *565 while directing the unloading of trucks and suffered two fractures of the left arm.
The claimant testified that he was accountable only to the corporation; that the directors were his wife, himself and a Mr. Blatt, who was an attorney at law at Miami; that he, the claimant, was actively engaged in managing the affairs of the corporation together with his wife and that his wife could not fire him; that Mr. Blatt could not fire him. As General Manager he received $100 per week and fixed his own hours of employment; no one else told him what to do. He fixed his own duties and has the power and authority to fire and hire all help. He testified that he was General Manager and "I run the plant".
The Deputy Commissioner held that this element of control was the ultimate fact which stamped the relationship, and that the claimant in this case was an employer and not an employee.
The full Commission stated that the order of the Deputy Commissioner was reversed because of our holding in Claude H. Wolfe, Inc., v. Wolfe, 154 Fla. 633, 18 So.2d 535. In the case now before the Court the claimant was the absolute boss of the business. In the Wolfe case 92% of the stock was owned by Wolfe, who was an employee of the corporation. Wolfe was General Manager of the business and the other directors had power to discharge him. Wolfe denied that he controlled the policies of the corporation. The other eight shares of the corporate stock in the Wolfe corporation was actually owned by others. Based upon the record before him, the Deputy Commissioner said that the facts in the Wolfe case were different, that the Wolfe case was not controlling in this case, and then held:
"That the claimant, Ben J. Warshaw, on November 16, 1952, was not an employee of Ben-Jay Food Distributors, Inc., within the provisions of the Florida Workmen's Compensation Law."
There is no dispute as to the facts in this case. There is a difference of opinion between the Deputy Commissioner and the full Commission in the proper application of of the law as to whether or not the claimant is an employee or an employer within the meaning of the Workmen's Compensation Law. There is a clear misapplication of the law as applied by the full Commission to the undisputed facts in this case, and in holding that the facts in the case of Claude H. Wolfe, Inc. v. Wolfe, supra, are controlling in this case. When the facts are undisputed, as they are in this case, a misapplication of the law constitutes a departure from the essential requirements of the law.
The petition for writ of certiorari be and the same is hereby granted, and the order of the full Commission be and the same is hereby quashed, with directions to reinstate the order of the Deputy Commissioner.
TERRELL, Acting Chief Justice, and SEBRING and BUFORD, JJ., concur.