HOBSON, Justice.
This case is before us on a petition for a writ of certiorari to review an order of the Florida Industrial Commission. The only issue to be determined is whether this case comes within the purview of the Florida Workmen’s Compensation Law. If it does not, then the Industrial Commission and its deputy were without jurisdiction to determine the case.
Section 440.02(1) (b), Florida Statutes, F.S.A., provides:
“The term ‘employment’ shall include : * * *
“2. All private employments in which three or more employees are employed by the same employer.”
It is the petitioner’s position that it did not have the requisite number of employees to bring it within the coverage of the Workmen’s Compensation Law. This issue was decided in petitioner’s favor by the deputy commissioner, but his order was reversed by the full commission on appeal. Inasmuch as our function on review is merely to determine whether or not the full commission adhered to the “substantial evidence” rule as enunciated in U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, and whether or not the full commission has observed the essential requirements of law, it is unnecessary for us to set out in full or re-evaluate the evidence which the deputy had before him. We shall, therefore, merely sum *573 marize the salient portions of the evidence concerning the point in issue.
The stock of the petitioner corporation, the employer, was entirely owned by two attorneys-at-law, who participated in the business of the corporation as time permitted, their primary source of livelihood being their law practices. They were the only officers and directors of the corporation. Neither received any salary or bonuses for his services to the corporation. The purpose of the corporation was to promote the sale of a foreign automobile and to sell franchises for its retail sale to dealers in the State of Florida.
The only regularly employed, full-time salaried employee of the corporation was the claimant, the respondent here. She was, according to the evidence, a “one-girl office” — a secretary, bookkeeper .and promoter for the automobile. The only other persons who received compensation from the corporation were a cleaning woman and two men who, on several occasions, were hired to polish automobiles belonging to the corporation.
The deputy found that .the only employee of the corporation within the meaning and intent of the Workmen's Compensation Law was the claimant, and therefore dismissed her claim for want of jurisdiction. He held that the two officer-directors had received no salary or bonuses and any services performed by them were in their capacity as officers and not as employees. The cleaning woman, who worked only one-half day a week, he held to be an independent contractor. The full commission reversed on authority of Section 440.02 (2) (b), Florida Statutes, F.S.A., which provides that “The term ‘employee’ shall include any person who is an officer of a corporation and who performs services for remuneration for such corporation within this state, whether or not such services are continuous. Services shall be presumed to have been rendered the corporation in cases where such officer is compensated by other than dividends upon shares of stock of such corporation owned by him.”
The quoted portion of the law was enacted as an amendment in 1955, subsequent to our decisions in Wolfe Inc. v. Wolfe, 1944, 154 Fla. 633, 18 So.2d 535, and Ben-Jay Food Distributors, Inc. v. Warshaw, Fla.1954, 70 So.2d 564, both of which dealt with the question of whether an officer and stockholder of a “close” corporation could be considered an employee within the meaning of the Workmen’s Compensation Law.
We have considered the evidence in light of the 1955 amendment, and we conclude that the deputy commissioner’s order of dismissal was supported by competent, substantial evidence, and that he was correct in his application of the law in question. There was ample evidence to support the deputy’s conclusion that the two officers of the corporation received no remuneration for services performed for the corporation, and that the corporation had no employees within the meaning of the act other than the claimant herself. The officers in question, not having received any remuneration for their services, although they did periodically advance funds and on occasion withdrew certain moneys so laid down, do not come within the statutory definition of employees.
For the reasons stated, the petition for writ of certiorari is granted, and the order of the full commission is hereby quashed, with directions to reinstate the order of the deputy commissioner.
TFIOMAS, C. J., and TERRELL, DREW and O’CONNELL, JJ., concur.