341 So.2d 995 (1976)
METROPOLITAN DADE COUNTY, Alleged Employer and State of Florida Bureau of Risk Management, Petitioners,
v.
Harry GLASSMAN, Alleged Employee, and Florida Industrial Relations Commission, Respondents.
No. 48817.
Supreme Court of Florida.
December 22, 1976.
Rehearing Denied February 24, 1977.
Thomas F. Woods, of Woods, Johnston & Erwin, Tallahassee, and Stuart Simon, Dade County Atty. and James G. Roth, Stephen P. Lee, Asst. Dade County Attys., Miami, for petitioners.
Dennis M. Usdan, Law Offices of Nolan & Usdan, Fort Lauderdale, for respondents.
*996 HATCHETT, Justice.
Respondent Glassman appeared for jury duty at the Dade County Courthouse, in response to an official notice. He was not chosen for jury service that day, but was ordered to return the following day. The next morning, Mr. Glassman was knocked down by a crowd leaving an elevator in the courthouse lobby. In the fall, he sustained a skull fracture, which resulted in his hospitalization for eleven days.
The respondent filed a workmen's compensation claim on the theory that he was employed either by the state of Florida or by Metropolitan Dade County or both, at the time of his injuries. The Judge of Industrial Claims awarded compensation benefits, holding that respondent was an employee of the state of Florida, by virtue of reporting for jury service. In a thoughtful opinion, the Industrial Relations Commission affirmed the award; the State and Metropolitan Dade County petitioned for certiorari here.
We conclude that disposition of the present case should be governed by our decision in Leon County v. Sauls, 151 Fla. 171, 9 So.2d 461 (1942). We there held that workmen's compensation benefits were unavailable to a citizen who was killed while assisting a law enforcement officer who had asked for help. Justice Terrell, writing for a unanimous court, said:
Courts have no power to extend the provisions of the Workmen's Compensation Act to classes not clearly contemplated by it. There is no class of county employees that may be compared to a citizen called on to perform such a duty as is involved in this case and it was clearly not contemplated by the Act. If its provisions can be extended to a case like this, then it can be extended to jurors, election inspectors, bond trustees, appraisers, mark and brand inspectors, and any person deputized or called on for any purpose. There would be no limit to those who could claim against the county... . 9 So.2d at 463 (emphasis supplied)
In holding respondent ineligible for workmen's compensation benefits, we align ourselves with the weight of authority in other jurisdictions. Silagy v. State of New Jersey and County of Mercer, 105 N.J. Super. 507, 253 A.2d 478 (1969); Hicks v. Guilford County, 267 N.C. 364, 148 S.E.2d 240 (1966); Jochen v. County of Saginaw, 363 Mich. 648, 110 N.W.2d 780 (1961); Seward v. County of Bernalillo, 61 N.M. 52, 294 P.2d 625 (1956); Board of Commissioners of Eagle County v. Evans, 99 Colo. 83, 60 P.2d 225 (1936). Contra, Industrial Com'n of Ohio v. Rogers, 122 Ohio St. 134, 171 N.E. 35 (1930).
The petition for writ of certiorari is granted, and the order of the Industrial Relations Commission is quashed.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and DREW (Retired), JJ., concur.