Mr. Alan N. Charnes Executive Director Department of Revenue 1375 Sherman Street, Room 486 Denver, CO 80261
Dear Mr. Charnes:
This opinion is written in response to your request for an attorney general opinion concerning whether a state senator, while serving as such, may be appointed to serve on the Lottery Commission.
QUESTION PRESENTED AND CONCLUSION
May a state senator, presently serving in the legislature, be appointed to the Lottery Commission?
 Conclusion. A state senator, presently serving in the legislature, may not be appointed to the Lottery Commission.
ANALYSIS
This matter is governed by article V of section 8 of the Colorado Constitution. Article V, section 8 states:
 No senator or representative shall, while serving as such, be appointed to any civil office under this state; and no member of congress, or other person holding any office (except of attorney at law, notary public, or in the militia) under the United States or this state, shall be a member of either house during his continuance in office.
The first inquiry which must be made is whether a member on the Lottery Commission is an officer who is occupying a civil office or whether the member is an employee of the government.Hudson v. Annear, 101 Colo. 551, 75 P.2d 587 (1938).
The indicia of a civil office include the following: (1) the duties must be performed independently without the control of a superior power other than the law; (2) the position is created by law; (3) the compensation is fixed by law and paid out of the treasury; (4) the office exercises some sovereign power of the state; (5) the duties are continuous and independent of the person holding the position. Hudson v. Annear,supra; Wargo v. Industrial Commission,58 Ill.2d 234, 317 N.E.2d 519 (1974); State v. Taylor,260 Iowa 634, 144 N.W.2d 289 (1966).
Both the terms of the commission members and their powers and duties are defined in S.B. 119. C.R.S. 1973, 24-35-207 and 24-35-208
describe in detail the scope of authority of commission members. The terms of appointment are detailed in 24-35-207. Under 24-35-208, the legislature has granted broad powers to the commissioners to: (1) promulgate rules and regulations; (2) conduct hearings; (3) conduct studies and investigations; (4) recommend changes in lottery law; (5) require special reports from the director; and (6) supervise computer operation. Compensation of the commission members is set forth in C.R.S. 1973, 24-35-207(6).
Under the tests outlined in Hudson, Wargo, and Taylor, the Lottery Commission members occupy civil offices. Their duties are performed independently without the control of a superior power. Their positions are created by law. Their compensation is fixed by law and paid out of the treasury. The members exercise some sovereign power of the state by passing rules and regulations. Their duties are continuous and not personal to the individual holding the position. Thus, under article V, section 8, legislators may not be appointed to the Lottery Commission because lottery commissioner is a civil office.
Your request also questions whether or not this restriction applies to a legislator who is retiring from the legislature. Even though the legislator is retiring from the legislature, his term runs for a full 4 years, if he is a senator, or a full 2 years if he is a representative, and does not expire until the convening of the first regular session of the general assembly after the election. Colorado Constitution, article V, secs. 3 and7. Thus, the legislator is still a legislator until he resigns or his term officially expires.
SUMMARY
A legislator may not be appointed to serve on the lottery commission while he is still a member of the legislature.
Very truly yours,
 J.D. MacFARLANE Attorney General
GAMBLING LEGISLATORS CONTESTS
C.R.S. 1973, 24-35-207
C.R.S. 1973, 24-35-208
Colo. Const. art. V, § 8
Colo. Const. art. V, § 3
Colo. Const. art. V, § 7
REVENUE, DEPARTMENT OF Administrative Div.
A state senator, presently serving in the legislature, may not be appointed to the Lottery Commission.