Nicklos KIPP, Plaintiff and Respondent,

v.

Russell JALBERT, Defendant and Appellant.

No. 7943.

Supreme Court of North Dakota.

Sept. 15, 1961.

Rehearing Denied Oct. 11, 1961.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for plaintiff-respondent.

Greenwood & Swanson, Dickinson, for defendant-appellant.

TEIGEN, Judge.

In this case the plaintiff, a carpenter, brought suit against the defendant, a farmer, to recover damages for injuries received as a result of the collapse of rafters of a barn in the process of being dismantled. The plaintiff alleges negligence and also statutory liability as an uninsured employer under the Workmen's Compensation Act, Section 65–09–01, NDCC.

The case was tried to the court without a jury. The court found in favor of the plaintiff. It found there was no negligence on the part of the defendant but that defendant was statutorily liable for the injuries under the provisions of the Workmen's Compensation Act as an uninsured employer. The defendant has appealed to this court from the judgment and demands a trial de novo.

We have reviewed the evidence and find there is no evidence of negligence on the part of the defendant and, therefore, sustain the court in its finding to that effect.

Defendant answering denied that the employment comes within the definition of the Workmen's Compensation Act and, therefore, is not statutorily liable.

The record discloses the defendant is an operating farmer who lives upon the farm where the work in question was performed. He has no other trade, business, profession, or occupation. The plaintiff is a carpenter. The defendant employed the plaintiff at an hourly wage to dismantle a barn, salvage the material and to build a garage, using the salvaged material from the barn. The defendant agreed to pay the plaintiff an hourly wage of $3.90, which included compensation to be paid by the plaintiff to a helper which he brought with him on the

job. The plaintiff agreed to furnish all tools necessary for himself and his helper. In addition, the plaintiff and his helper were to be furnished their noon meal while working. The defendant and his regular hired men on the farm were to assist in the work when they were not occupied in doing farm work. Sometime previous to the hiring, the plaintiff, at defendant's request, had bid the work for the sum of $2,500. No contract resulted and instead plaintiff was hired on the basis described above.

The defendant, his two farm hands, the plaintiff and his helper had all worked at dismantling the barn for a period of about one and one-half days before the accident occurred which injured the plaintiff. Shortly before the accident, the defendant and his two farm hands had left the work on the barn and, at the time of the accident, were engaged in unloading a truck load of cement. Plaintiff and his helper remained at the work of dismantling the barn when, from some cause not fully explained in the record, the rafters fell, striking and pinning down the plaintiff and his helper. Both were injured.

The plaintiff's helper was covered by workmen's compensation secured by the plaintiff as employer of the helper. The record is clear that the plaintiff and his helper were employed specially for the purpose set forth above and were not required to do farm work. The barn which was being dismantled was located upon the defendant's farm and the garage was to be built upon the farm.

The defendant averred the plaintiff was an independent contractor. The lower court, however, found an employer-employee relationship existed within the provisions of the Workmen's Compensation Act. A careful study of the record does not, in our opinion, disclose sufficient facts upon which to pass on the question of independent contractor. It is not necessary to do so because, assuming an employer-employee relationship did exist, we do not feel the employment comes within the Workmen's Compensation Act for the reasons hereinafter stated, and that the plaintiff is not an employee within the provisions of the Act.

The defendant further avers there can be no recovery against him for the reason that the plaintiff was engaged in agricultural service, which is exempt from the Compensation Act; that if said employment is not in an agricultural service, it is both casual and not in the course of the trade, business, profession, or occupation of the defendant and, therefore, the plaintiff was not an employee within the definition of the Act.

■ Was the employment for which plaintiff was engaged an agricultural service so as to exempt the defendant from being required to carry workmen's compensation coverage? Section 65-01-02, NDCC, Subsection 4, par. a, excepts agricultural service from the term "hazardous employment." Burkhardt v. State, 78 N.D. 818, 53 N.W.2d 394; Lowe v. North Dakota Workmen's Compensation Bureau, 66 N.D. 246, 264 N.W. 837, 107 A.L.R. 973. These cases hold that the erection of a barn and the building of a granary are not agricultural services where the work was specially performed on a farm for a farmer. These cases are controlling here. Employment for the purpose of dismantling a barn, salvaging the material, and constructing a garage upon farm premises for a farmer is not an agricultural service where a person is specially employed for the work. The plaintiff being specially employed to engage in this work is not engaged in an agricultural service under the exemption provisions of our Compensation Act. See also 99 C.J.S. Workmen's Compensation § 33b, page 196, "Construction, repair, and demolition of farm buildings and structures."

The second and more difficult question is whether or not the employment was both casual and not in the course of the trade, business, profession, or occupation of the defendant. To be excluded it must be both.

Section 65–01–02, Subsection 5 par. b(1), NDCC.

■ While the Workmen's Compensation Act is to be liberally construed to effect its purpose (Booke v. Workmen's Compensation Bureau, 70 N.D. 714, 297 N.W. 779; State for Benefit of Workmen's Compensation Fund v. E. W. Wylie Co., 79 N.D. 471, 58 N.W.2d 76), the intent of the Act must be carried out. Breitwieser v. State, N.D., 62 N.W.2d 900. The terms of the Act cannot be ignored. State ex rel. Kusie v. Weber, 72 N.D. 705, 10 N.W.2d 741.

■ The relationship of employer and employee must exist in order to make the provisions of the Act applicable. Mutual Life Insurance Company of New York v. State, 71 N.D. 78, 298 N.W. 773, 138 A.L.R. 1115; Starkenberg v. North Dakota Workmen's Compensation Bureau, 73 N.D. 234, 13 N.W.2d 395; and State for Benefit of Workmen's Compensation Fund v. E. W. Wylie Co., supra.

Was there an employer-employee relationship within the definition of the Compensation Act?

The term "employee" is defined in Section 65–01–02, Subsection 5, NDCC, as follows:

" 'Employee' shall mean every person engaged in a hazardous employment under any appointment, contract of hire, or apprenticeship, express or implied, oral or written * * *.

\* \* \* \* \* \*

"b. Such term shall not include:

"(1) Any person whose employment is both casual and not in the course of the trade, business, profession, or occupation of his employer * * *."

"Hazardous employment" is defined as:

" 'Hazardous employment' shall mean any employment in which one or more employees are employed regularly in the same business or in or about the establishment except:

"(1) Agricultural * * * service * * *." Section 65–01–02, Subsection 4 par. a, NDCC.

■ It is undisputed and clear from the evidence that the defendant is engaged in agriculture. He is a farmer and was engaged in no other trade, business, profession, or occupation. One engaged in agriculture is not engaged in a "hazardous employment" covered by the compensation law. Lowe v. North Dakota Workmen's Compensation Bureau, supra. If the employment were in the course of the business or occupation of the defendant, it would be exempt as an agricultural service. To come within the provisions of the Act, the employment must be in the course of some other trade, business, profession, or occupation. If it is not, it is immaterial whether or not it is casual as it would be exempt.

■ We must, therefore, determine whether or not the defendant, by this building project, became engaged in some other trade, business, profession, or occupation. Did this defendant, in dismantling his barn and building a garage for himself upon his farm premises, engage in some other course of trade, business, profession, or occupation? We do not think so. The defendant, a farmer, did not become a building demolisher or a builder by dismantling his barn and building a garage on his farm when it is not shown he had been carrying on like work in the past, nor had any intent to do so in the future. He remained a farmer. He did not change his course of business or his occupation, nor did he establish a new business or occupation. This was but an incidental activity on a farm. He did not establish a sideline or a second business. It was only an isolated, exceptional, or temporary activity in which he was engaged. It is not of sufficient magnitude to establish the defendant upon a new course of trade, business, profession, or occupation. Both the employer and the

employee knew the employment could not be characterized as permanent, or even periodically regular. Its duration was subject to speculation dependent upon various factors, such as how much time the farmer and his regular farm workers could spend on the project, conditions of the weather, and no doubt several other factors.

We can conceive of a conduct not in the regular course of the business of an employer reaching such proportions as to require an affirmative conclusion, but we do not feel that this case is such. Each case must rest on its own facts. This appears to be the general rule.

"Construction or repair work. It has been held that, unless it is provided otherwise by statute, neither construction nor repair work is in the course of an employer's business, especially where such work is for a purpose not connected with the business or occupation of the employer. Generally, employment to demolish or remove buildings or structures is not in the course of an employer's business." 99 C.J.S. Workmen's Compensation § 70, page 295.

We will now examine the employment to determine whether or not it was casual within the definition of the statutes.

The term "casual" is not statutorily defined. If an employment is a "hazardous employment," as defined by statute, but not in the course of the employer's trade, business, profession, or occupation, it must be regular to be covered by the Act. "Casual" is the antonym of "regular" as those terms are used in our compensation statutes. "Casual" clearly refers to the employment. It must be a hazardous employment and it has reference to the nature of the work. The work was the dismantling of the barn and the building of a garage upon a farm by a farmer, which we have said is incidental and an isolated, exceptional, and temporary activity of the employer. The employment cannot be characterized as permanent or periodically regular. It occurred by chance and is of limited duration. It is only an occasional employment upon a farm.

The word "casual," as defined in Webster's New International Dictionary, Second Edition, Unabridged, is:

"1. Happening or coming to pass without design, and without being foreseen or expected; coming by chance.

"2. Coming without regularity; occasional; incidental * * *."

It appears clear that the employment in this particular case is a casual employment within this definition.

The lower court found the employment was not casual because of its duration. It accepted the bid of $2,500 for labor as a measurement of time. It divided that figure by $2.50 per hour and arrived at 1,000 man hours as the probable time required to complete the work. However, we do not think time or duration is of significance in this case. The computation may only serve to prove the employment was not permanent. It served to establish the casual character of the employment.

Plaintiff's employment was both casual and not in the course of the trade, business, profession, or occupation of the defendant. He was not an employee within the definition of the Workmen's Compensation Act and there does not exist the necessary relationship of employer-employee under the provisions of the Compensation Act to bring the employment within the terms of the Act. The plaintiff is not entitled to recover damages in this action. He has failed to sustain the burden of proof of negligence and the evidence establishes that he is not entitled to recover damages under Section 65–09–01, NDCC, providing for statutory liability of uninsured employers for injury to their employees. The judgment of the district court is reversed.

SATHRE, C. J., and BURKE, MORRIS and STRUTZ, JJ., concur.