105 N.J. Super. 507 (1969)
253 A.2d 478
MARGARET SILAGY, PETITIONER-APPELLANT,
v.
STATE OF NEW JERSEY AND COUNTY OF MERCER, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1969.
Decided May 12, 1969.
*508 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Charles J. Casale, Jr. argued the cause for appellant (Messrs. Pellettieri and Rabstein, attorneys).
Mr. Franklin D. Renkoff, Deputy Attorney General, argued the cause for respondent State of New Jersey (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Deputy Attorney General, of counsel).
Mr. Philip A. Levy argued the cause for respondent County of Mercer (Messrs. Levy, Levy, Albert & Marcus, attorneys).
The opinion of the court was delivered by LEWIS, J.A.D.
By concordant determinations the Division of Workmen's Compensation and the Mercer County Court denied Margaret Silagy's petitions for workmen's compensation benefits. She appeals.
The facts are undisputed, and the legal issue is one of first impression in this State.
Petitioner is a clerk employed by the State of New Jersey, Department of Labor and Industry. When leaving the Mercer County Court House after performing the duties of a juror *509 she tripped over a rubber mat and sustained injuries to her right foot and ankle. Petitions for workmen's compensation benefits were filed against the State of New Jersey and the County of Mercer; the petitions were dismissed on the ground that the injuries did not arise out of and in the course of an employment by either respondent.
There are decisions in our sister states which have rejected a juror's compensation claim against a county on the theory that "his position as a juryman is not the result of a contract." Board of Com'rs of Eagle County v. Evans, 99 Colo. 83, 60 P.2d 225, 227 (Sup. Ct. 1936); Seward v. Bernallilo County, 61 N.M. 52, 294 P.2d 625 (Sup. Ct. 1956); Jochen v. Saginaw County, 363 Mich. 648, 110 N.W.2d 780 (Sup. Ct. 1961); Hicks v. Guilford County, 267 N.C. 364, 148 S.E.2d 240 (Sup. Ct. 1966). See also comments and citations in 1A Larson, Workmen's Compensation Law, § 56.35, pp. 1021-1023 (1967).
Petitioner argues that even if we find no liability as to the county, she should then be entitled to recover compensation as a state employee who had been temporarily released by her employer for jury duty.
In Industrial Commission v. Rogers, 122 Ohio St. 134, 171 N.E. 35, 70 A.L.R. 1244 (Sup. Ct. 1930), it was enunciated that the General Code, § 1465-61 "definitely extends" the benefits of the Ohio Workmen's Compensation Act to all persons in the service of the state or a county "under any appointment or contract of hire, * * * except any official of the state, or of any county." In that case claimant, after serving jury duty and while descending the courthouse steps, fell and fractured her hip. The court held that she was not an officer of the state or county within the statutory exception, and that, while exercising the function of a juror, she was an employee under an appointment of hire and was entitled to compensation.
There is no such broad coverage under the provisions of the Workmen's Compensation Act of this State which embraces compensation for personal injuries to, or death of, an *510 employee "by accident arising out of or in the course of his employment." N.J.S.A. 34:15-7. An "employee," by statutory definition, includes one
"who perform[s] service for an employer for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring * * *." N.J.S.A. 34:15-36.
We are mindful of the decisional law in this State declaring that "Our act is construed to bring as many cases as possible within its coverage," and that a broad interpretation is consistent with the general judicial policy of construing the act liberally in order to implement its beneficent purposes. See e.g., Hannigan v. Goldfarb, 53 N.J. Super. 190, 195 (App. Div. 1958); O'Brien v. First Camden Nat'l Bank & Trust Co., 37 N.J. 158, 162-163 (1962).
We also recognize plausible merit to the contention that compensation coverage should be extended to state employees while serving on jury duty. However, we are constrained to conclude that the arguments advanced by petitioner are beyond the plain language of our act and should be addressed, in the first instance, to the Legislature. As an intermediate appellate court we adhere to the existing law of the State and, in the absence of appropriate amendatory legislation, "any departure from it should be undertaken by the court of last resort, and not by the Appellate Division." Casale v. Housing Authority, Newark, 42 N.J. Super. 52, 62 (App. Div. 1956); In re Hartung, 52 N.J. Super. 508, 511 (App. Div. 1958); State v. Moffa, 79 N.J. Super. 425, 432-433 (App. Div. 1963), reversed on other grounds 42 N.J. 258 (1964).
The judgment of the County Court is affirmed. No costs.