(No. 45652.-

MARY B. WARGO, Appellant, v. THE INDUSTRIAL
COMMISSION *et al.*—(The County of La Salle, Appel-
lee.)

*Opinion filed September 27, 1974.*

RYAN, J., took no part.

John Olivero, of Peru, for appellant.

Bayler & Noetzel, of Peoria (Henry D. Noetzel, of
counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the
court:

On October 22, 1965, Mary B. Wargo, the widow of

Michael J. Wargo, filed a claim with the Industrial Commission alleging that her husband had suffered a fatal heart attack in the course of his employment as a judge of election for the County of La Salle on November 3, 1964. An arbitrator for the Commission found that Mr. Wargo had been an employee of the County of La Salle but that Mary B. Wargo, the petitioner, had failed to prove that the attack had arisen out of and in the course of his employment. The Commission in May, 1969, affirmed the decision of the arbitrator, and in October, 1972, the circuit court of the County of La Salle affirmed the Commission's action. The record does not disclose the reason for the extraordinary delay in completing the proceedings. The petitioner has appealed to this court under Supreme Court Rule 302(a)(2). 50 Ill.2d R. 302(a).

It will not be necessary for us to consider whether the conclusion that the petitioner failed to prove that her husband's heart attack was an accident which arose out of his work was contrary to the manifest weight of the evidence, because the husband at the time of his death was serving as an official of the County of La Salle and not as an employee. He therefore was not within the coverage of the Workmen's Compensation Act. Ill. Rev. Stat. 1965, ch. 48, par. 138 *et seq.*

Public employees are within the Act's protection but public officials are not. The Act in defining "employee" specifically includes public employees and excludes officials: "Every person in the service of the State, including all persons in the service of the University of Illinois, county, city, township, incorporated village or school district, body politic, or municipal corporation therein, under appointment or contract of hire, express or implied, oral or written, except any official of the State or of any county, city, town, township, incorporated village, school district, body politic or municipal corporation therein ***." Ill. Rev. Stat. 1965, ch. 48, par. 138.1(b).

Most workmen's compensation statutes have similar

provisions which exclude officials from the benefits of the statute. 1A Larson, Workmen's Compensation Law, sec. 56.20.

McQuillin's Law of Municipal Corporations outlines indicia which distinguish officials from employees: "The essential characteristics which differentiate a public office from mere employment are said to be: (1) An authority conferred by law, (2) the power to exercise some portion of sovereign functions of government, and (3) permanency and continuity." (3 McQuillin, Law of Municipal Corporations, par. 12.30.) It is noted too that the term employee "is usually used in contradistinction to the term 'officer' to indicate one not exercising some portion of the sovereign functions of government." 3 McQuillin, Law of Municipal Corporations, par. 12.35.

Larson is less specific in setting out circumstances which he considers distinguish an official. He says: "An official is distinguished from an employee both by his exercise of some portion of a sovereign power and by the importance, dignity and independence of his position. Of these tests, both suffering somewhat from the certain unavoidable vagueness, the former is the more fundamental and workable." 1A Larson, Workmen's Compensation Law, sec. 56.20.

This court has said also that an official within the meaning of section 1(b) of the Workmen's Compensation Act, which we have quoted above, is one who was either recognized as a public official at common law (*Winnebago County v. Industrial Com.,* 39 Ill.2d 260, 263) or who holds a public "office" specifically created by the constitution or by other law. *Village of Streamwood Police Dept. v. Industrial Com.,* 57 Ill.2d 345; *County of Cook v. Industrial Com.,* 55 Ill.2d 540, 543; *City of Danville v. Industrial Com.,* 38 Ill.2d 479; *Krawiec v. Industrial Com.,* 372 Ill. 560.

In *People ex rel. Landers v. Toledo, St. Louis and Western R.R. Co.,* 267 Ill. 142, 145-146 this court

considered whether the positions of assistant State's Attorney and assistant superintendent of schools were to be considered as offices. The court noted some of the marks of an office, as contrasted with simple employment, saying: "*** the positions *** are created by law. Their compensation is required to be fixed by the county board and paid out of the county treasury. In our opinion the position of each is an office and not a mere employment. They exercise some portion of the sovereign power of the State. Their duties are not prescribed by contract or agreement, but by law. They are not engaged to perform a special act the completion of which ends their duty, but the duties of the positions are continuous, without regard to the particular person who holds the office. We conclude that they are not mere agents to perform a particular act or duty, but are officers for the performance of the general duties of the offices ***."

The indicia of an office we have described above are present here. Article XIII of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 13—1 *et seq.*) creates and provides for the office of judge of election. These judges are appointed by the circuit court and are referred to as "officers of the court" (par. 13—3). Upon appointment they continue to be judges of all general and special elections held within their respective precincts or districts until other judges shall be appointed in the manner they were appointed. (Par. 13—6.) Persons serving as judges of election shall be "capable and discreet electors." (Par. 13—1 and par. 13—2.) The statutory requirements for service as a judge of election include the qualifications that one be a United States citizen and be entitled to vote at the next election; that he or she be of good reputation and character and have good understanding and capability. (Par. 13—4.) The number of judges of election for a precinct or district is set by statute (5) and it is provided that no more than three of them can be from the same party. The term of office is designated as being for two

years. (Par. 13—1 and par. 13—2.) Judges of election are required to take an oath to support the constitutions of the United States and Illinois and to swear they are entitled to vote at the election in question and that they will faithfully discharge "the duties of the office of judge of election."

The service of judges of election involves a "portion of the sovereign functions of government" (3 McQuillin, par. 12.35) and they must be considered to be officials rather than employees.

We have found only one decision in which the question we discuss here was considered. The Supreme Court of New Mexico in *Candelaria v. Board of County Commissioners of Valencia County*, 77 N.M. 458, 423 P.2d 982, citing *inter alia* Larson's Workmen's Compensation Law, held a judge of election to be a public official within the meaning of that State's Workmen's Compensation Act.

For the reason that Michael Wargo at the time of his death was serving as an official and not as an employee of the County of La Salle we affirm the judgment of the circuit court.

*Judgment affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.