This is an appeal from an order dismissing petitioner's complaint on the grounds, (1) the complaint failed to state a claim; (2) the complaint failed to show that the action was prosecuted by the real party in interest. We affirm.
When a vacancy occurred in the job of Captain, Birmingham Fire Department, it was filled according to rules and provisions governing the county-wide civil service system. In competing for the job, John R. Lewis finished first, and Joseph D. King finished second. The identity of the person finishing third is not shown in the record. These three names were certified to the Fire Chief, and he chose King to be the new Captain of the Fire Department.
A quo warranto proceeding in the name of the State of Alabama on the relation of the Birmingham Firefighters Association, Local # 117, on the relation of Billy Gray, the president of the Association was filed challenging King's right to hold the "office" of Captain. Billy Gray and the Association were also named as parties plaintiff in their individual capacities. In response to the complaint, King filed a motion to dismiss pursuant to ARCP 12 (b)(6). After a hearing, the trial judge entered an order dismissing the complaint for failure to state a claim upon which relief could be granted, and for failure to show that the real party in interest prosecuted the claim.
The principal issue presented in this appeal is whether a captaincy in the Birmingham Fire Department is a public office, and thereby subject to a quo warranto action against an alleged usurper, intruder, or unlawful holder of an office under §6-6-591, Code 1975.
A public office is the right, authority, and duty, created by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. Lacy v. State, 13 Ala. App. 212, 68 So. 706 (1915). Constitutionally, the term "public office" implies an authority to exercise some portion of the sovereign power, either by enacting, executing or administering the laws. Cf. State v.Christmas, 126 Miss. 358, 88 So. 881 (Miss. 1921), State exrel. Mantell v. Baumhauer, 31 Ala. App. 27, 12 So.2d 332 (1942). *Page 8 
Under these definitions, it is obvious that a captaincy in a fire department is not a public office, and the trial judge correctly dismissed the complaint pursuant to Rule 12 (b)(6).
Having reached the conclusion that quo warranto will not lie because a fire captaincy is not a public office, we pretermit any discussion of standing.
AFFIRMED.
TORBERT, C.J., and EMBRY, BEATTY and ADAMS, JJ., concur.