Jeffrey D. KAVADAS, Plaintiff, Appellant and Cross–Appellee,

v.

Jeffrey Allen LORENZEN, Defendant,

and

Poor Richard's, Inc., Defendant, Appellee and Cross–Appellant.

Civ. No. 890056.

Supreme Court of North Dakota.

Nov. 20, 1989.

Miller, Norman & Kenney, Moorhead, Minn., for plaintiff, appellant and cross-appellee, argued by Kevin J. Deitz, Moorhead, Minn.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant, appellee and cross-appellant, argued by M. Daniel Vogel, Fargo.

William D. Schmidt, Wheeler Wolf, Bismarck, for amicus curiae North Dakota Trial Lawyers Ass'n. Submitted on brief.

GIERKE, Justice.

Jeffrey Kavadas appealed from a district court order denying his post-trial motion in his personal injury action against Jeffrey Lorenzen and Poor Richard's, Inc., and Poor Richard's cross-appealed from the court's decision to award Kavadas certain costs and disbursements against Lorenzen

and Poor Richard's jointly and severally. We affirm.

Kavadas sued Lorenzen and Poor Richard's for injuries he sustained when, in the course of his employment as a Grand Forks police officer, he arrested Lorenzen for driving while under the influence of alcohol on the morning of July 16, 1987. Kavadas alleged that Lorenzen resisted the lawful arrest and assaulted him, seriously injuring his right wrist. Kavadas further alleged that, on the evening of July 15, 1987, Poor Richard's, through its employees, knowingly served Lorenzen alcoholic beverages while he was obviously intoxicated and that Poor Richard's conduct proximately caused Kavadas' injuries.

A jury found that Kavadas sustained $254,000.52 in damages and apportioned 75% fault to Lorenzen and 25% fault to Poor Richard's. Because Lorenzen had no insurance and is judgment proof, Kavadas' recovery was effectively limited under the several liability provisions of Section 32–03.2–02, N.D.C.C.,[1] to $63,500 in damages attributable to Poor Richard's.

Kavadas then moved to have the several liability provisions of Section 32–03.2–02, N.D.C.C., declared unconstitutional so that Lorenzen and Poor Richard's would be jointly and severally liable for the entire judgment. Alternatively, Kavadas moved for a new trial, contending that the trial court erred in failing to give a requested instruction entitled "acting in concert/aiding or encouraging."

The trial court denied Kavadas' motion and entered a judgment awarding Kavadas $190,500.39 from Lorenzen and $63,500.13 from Poor Richard's. The court further determined that it was "difficult, if not impossible, to delineate most of the costs

and disbursements attributable to each defendant" and accordingly, except for $78.10 in clearly identifiable costs, awarded Kavadas $6,095.58 costs and disbursements against both defendants jointly and severally. Kavadas appealed, and Poor Richard's cross-appealed.

We initially consider Kavadas' claim that Section 32–03.2–02, N.D.C.C., violates the equal protection provisions of Article I, § 21, N.D. Const.[2] Under that statute plaintiffs injured by two or more tortfeasors who do *not* act in concert in committing a tortious act or aid or encourage the act can *not* recover under joint and several liability, while plaintiffs injured by two or more tortfeasors who act in concert in committing a tortious act or aid or encourage the act can recover under joint and several liability.

Our standard of review for analyzing equal protection claims depends on the right allegedly infringed upon by the challenged legislative classification. We apply strict scrutiny to legislative classifications that are inherently suspect or infringe upon fundamental rights, and we strike down the challenged classification unless it promotes a compelling government interest and the distinction drawn is necessary to further its purpose. *State ex rel. Olson v. Maxwell,* 259 N.W.2d 621 (N.D.1977). If a legislative classification infringes upon important substantive rights, we apply an intermediate standard of review, and we uphold the classification if it bears a close correspondence to the legislative goals. *Mund v. Rambough,* 432 N.W.2d 50 (N.D.1988); *Bellemare v. Gateway Builders, Inc.,* 420 N.W.2d 733 (N.D. 1988); *Hanson v. Williams County,* 389 N.W.2d 319 (N.D.1986). We apply a rational basis test to legislative classifications

---

**1.** Section 32–03.2–02, N.D.C.C., provides, in part:
"*32–03.2–02. Modified comparative fault.* ... When two or more parties are found to have contributed to the injury, the liability of each party is several only, and is not joint, and each party is liable only for the amount of damages attributable to the percentage of fault of that party, except that any persons who act in concert in committing a tortious act or aid or encourage the act, or ratifies or adopts the act for their benefit, are jointly liable for all dam-

ages attributable to their combined percentage of fault."

**2.** Article I, § 21, N.D. Const., provides:
"No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens."

that are not inherently suspect, or do not infringe upon fundamental or important substantive rights, and we uphold the classification unless it is patently arbitrary and bears no rational relationship to a legitimate governmental purpose. *Lee v. Job Service of North Dakota,* 440 N.W.2d 518 (N.D.1989); *Gange v. Clerk of Burleigh Co. District Court,* 429 N.W.2d 429 (N.D. 1988); *Kadrmas v. Dickinson Public Schools,* 402 N.W.2d 897 (N.D.1987), *aff'd,* 487 U.S. 450, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988).

Relying on *Hanson v. Williams County, supra,* Kavadas argues that the intermediate level of scrutiny[3] is applicable to this classification because it infringes upon a plaintiff's important substantive rights. Kavadas contends that this classification affects a plaintiff's right to recover for injuries under joint and several liability which, he asserts, is an important substantive right. Poor Richard's responds that the rational basis test applies to this case because recovery under joint and several liability does not rise to the level of an important substantive right.

In *Hanson v. Williams County, supra,* we applied the intermediate level of scrutiny to an equal protection challenge to Section 28–01.1–02, N.D.C.C., a products liability statute of repose. That statute precluded an action by persons who were injured by a product that was initially purchased more than ten years or manufactured more than eleven years before an injury, while permitting actions by persons who were injured within those time periods. Because that classification completely eliminated the right to sue for some injuries before they occurred, we concluded that it involved an important substantive right.

*Hanson* follows our equal protection cases in which we have generally applied the intermediate level of scrutiny to classi-

fications which have completely prevented a class of injured persons from maintaining an action to recover for their injuries. *Bellemare v. Gateway Builders, Inc., supra* [intermediate level of scrutiny applicable to statute that prevented a class of plaintiffs from suing for damages for any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property]; *Patch v. Sebelius,* 320 N.W.2d 511 (N.D.1982) [intermediate level of scrutiny applicable to statute that prevented a class of plaintiffs from suing the state or a state agency]; *Benson v. North Dakota Workmen's Compensation Bureau,* 283 N.W.2d 96 (N.D.1979) [intermediate level of scrutiny applicable to statute that excluded a class of employees from workmen's compensation]; *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979) [intermediate level of scrutiny applicable to statute that prevented a class of plaintiffs from suing a municipality for defective streets or bridges]; *Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974) [intermediate level of scrutiny applicable to automobile guest statute that prohibited a class of plaintiffs from suing for ordinary negligence of host].

In contrast, we have generally applied the rational basis test to statutory classifications which involve economic or social matters and do not deprive a class of plaintiffs from access to the courts. *Mauch v. Manufacturers Sales & Service, Inc.,* 345 N.W.2d 338 (N.D.1984) [rational basis test applicable to comparative negligence provisions of Section 9–10–07, N.D.C.C.]; *Law v. Maercklein,* 292 N.W.2d 86 (N.D.1980) [rational basis test applicable to statute allowing only residents to participate in the Unsatisfied Judgment Fund]; *Tharaldson v. Unsatisfied Judgment Fund,* 225 N.W.2d 39 (N.D.1974) [rational basis test applicable to statute limiting recovery from Unsatisfied Judgment Fund to $5,000 in cases in

---

**3.** In *Kadrmas v. Dickinson Public Schools,* — U.S. —, 108 S.Ct. 2481, 101 L.Ed.2d 399 (1988), the United States Supreme Court recognized that, under the Federal Constitution, the "intermediate" or "heightened" level of scrutiny generally has not been extended beyond discriminatory classifications based on sex, illegitimacy, or "unique circumstances" like denying

the children of illegal aliens free public education available to other residents. Under our dual constitutional system, our equal protection analysis under Article I, § 21, N.D. Const., is not necessarily governed by the Federal Court's analysis of the parallel Federal constitutional provision. *Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974).

which the tortfeasor can not be ascertained, while permitting a $10,000 recovery from the Fund in other cases].

■ We believe the interest involved in this case is similar to the interests involved in cases in which we have applied the rational basis test. Although the doctrine of joint and several liability provides plaintiffs a measure of protection from insolvent tortfeasors when there are additional tortfeasors who are financially able to bear the total damages, we are not aware of any authority, and none has been cited, which suggests that that doctrine is a constitutionally mandated rule of law, immune from legislative modification or revision. The elimination of joint and several liability affects the amount of damages that an injured party may recover; however, that party is not denied access to the courts. Under this statute, an injured party is not prevented from suing the tortfeasors, obtaining a judgment, and collecting damages in proportion to the relative share of fault of each tortfeasor. The joint and several liability doctrine thus involves allocation of the amount of damages recoverable by a class of injured persons, an issue with economic implications, and is not "a limitation upon the authority of an injured party to bring an action against the tortfeasor." *Herman v. Magnuson, supra,* 277 N.W.2d at 451. We conclude that the rational basis test is applicable to this equal protection challenge. *See Evangelatos v. Superior Court,* 246 Cal.Rptr. 629, 44 Cal.3d 1188, 753 P.2d 585 (1988) [rational basis test applicable to equal protection challenge to an initiated measure which limited a tortfeasor to several liability for noneconomic damages and allowed joint and several liability for economic damages]; *Beeler v. Van Cannon,* 376 N.W.2d 628 (Iowa 1985) [rational basis test applicable to equal protection challenge to statute barring application of joint and several liability doctrine to defendants who were found to bear less than fifty percent of the total fault assigned to all the parties].

Accordingly, we analyze this classification under the rational basis test, which requires us to sustain it unless it is patent-ly arbitrary and bears no rational relationship to a legitimate governmental purpose. *Tharaldson v. Unsatisfied Judgment Fund, supra.*

■ Section 32–03.2–02, N.D.C.C., is part of "tort liability" modification enacted in 1987. 1987 N.D.Sess.Laws Ch. 404. A statement of legislative intent indicates that the legislative goals of this act were to "limit, clarify, and improve the method of determining and fixing responsibility for and paying of damages" and to reduce the cost and increase the availability of liability insurance. No party has asserted that these goals are not legitimate.

We believe that a statutory scheme which makes a tortfeasor's liability for damages dependent upon the degree of fault of that tortfeasor and not upon the degree of solvency of other tortfeasors is not patently arbitrary and bears a rational relationship to the legitimate legislative goal of improving "the method of determining and fixing responsibility for and paying of damages." Moreover, in our view, this legislative classification, which eliminates joint and several liability unless two or more tortfeasors act in concert in committing a tortious act or aid or encourage the act, is also rationally related to "fixing responsibility for and paying of damages." The difference in degree and type of conduct necessary to trigger the benefits of joint and several liability is rationally related to the imposition of the broader responsibility of joint and several liability for that conduct.

Kavadas nevertheless argues that the public interest is not furthered by eliminating joint and several liability for multiple tortfeasors because, under several liability, a plaintiff is denied full recovery when one or more of the tortfeasors is insolvent. However, Kavadas' argument ignores that it is a legislative function to assess public interests and, under our applicable standard of review, we do not interfere with a legislative assessment unless it is patently arbitrary and bears no rational relationship to a legitimate legislative goal. The standard necessary to invalidate this legislative classification has not been met in this case.

We conclude that the legislative classification in Section 32–03.2–02, N.D.C.C., is rationally related to a legitimate legislative goal of "fixing responsibility for and paying of damages" and therefore does not violate equal protection.

■ Kavadas next argues that the trial court erred in refusing to give an instruction entitled "acting in concert/aiding or encouraging":

"A person is acting in concert with another if he knows that the other's conduct constitutes a breach of a duty and gives substantial assistance or encouragement to the other to conduct himself in that manner.

"In determining whether a person is acting in concert with another, you should consider the nature of the act encouraged, the amount of assistance given, the person's presence or absence at the time of the unlawful act, his relation to the other and his state of mind.

"If the person's assistance or encouragement is a substantial factor in the other's harming a third person, the fact that the person giving the assistance or encouragement neither foresaw nor should have foreseen the manner in which the harm occurred does not matter."

The trial court also denied part of Kavadas' requested special verdict form which asked if Poor Richard's acted "in concert with JEFFREY LORENZEN in bringing about the harm."

As previously noted, Section 32–03.2–02, N.D.C.C., allows joint liability for all damages attributable to the combined percentage of fault for tortfeasors who "act in concert in committing a tortious act or aid or encourage the act." That statutory language addresses two different types of conduct by tortfeasors, those who act in concert in committing a tortious act and those who aid or encourage a tortious act.

On appeal, Kavadas "does not contend that Poor Richards action rose to the level of acting in concert as provided in" Section 32–03.2–02, N.D.C.C. Instead, Kavadas asserts that his requested instruction should have been given because there was evidence that Poor Richard's "aided or encouraged" Lorenzen's conduct by serving him alcoholic beverages when he was obviously intoxicated. However, Kavadas' requested instruction and special verdict form only focused on the "in concert" language of Section 32–03.2–02, N.D.C.C. Kavadas did not request an instruction on "aiding or encouraging" and his requested special verdict form only asked if Poor Richard's acted "in concert" with Lorenzen. Under these circumstances, we do not believe that the trial court erred in refusing to give Kavadas' requested instruction. Moreover, we do not believe the trial court abused its discretion in denying Kavadas' motion for a new trial on the basis of the failure to give that instruction. Neither do we believe that the court erred in failing to find, as a matter of law, that Poor Richard's and Lorenzen acted in concert in committing a tortious act or that Poor Richard's aided or encouraged Lorenzen's conduct.

■ On its cross-appeal, Poor Richard's contends that the trial court erred in awarding Kavadas $6,095.58 in costs and disbursements from the defendants jointly and severally. Poor Richard's argues that because the defendants were severally liable for Kavadas' damages, the taxing of costs and disbursements should have been based upon the percentage of fault attributable to each defendant. Poor Richard's also argues that some of the costs and disbursements taxed by the trial court were unreasonable and unnecessary.

It is well established that the allowance of reasonable and necessary costs and disbursements is within the discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *E.g., Richter v. Jones,* 378 N.W.2d 209 (N.D. 1985); *Keller v. Vermeer Manufacturing Co.,* 360 N.W.2d 502 (N.D.1984); *Moser v. Wilhelm,* 300 N.W.2d 840 (N.D.1980). We have defined an abuse of discretion as action that is unreasonable, arbitrary, or unconscionable. *E.g., Moser v. Wilhelm, supra.*

Although a trial court *may* award costs and disbursements based upon the percent-

age of fault attributable to the parties [*see Craft Tool & Die Co., Inc. v. Payne*, 385 N.W.2d 24 (Minn.Ct.App.1986)], no unreasonable, arbitrary, or unconscionable conduct has been shown in the trial court's decision to award Kavadas costs and disbursements from the defendants jointly and severally. Moreover, after reviewing the contested costs and disbursements, we conclude that the trial court did not abuse its discretion in determining that those costs and disbursements were reasonable and necessary.

In accordance with this opinion, the order and judgment are affirmed.

ERICKSTAD, C.J., VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.