**Janet D. HOLMGREN, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Respondent and Appellee.**

**Civ. No. 890307.**

Supreme Court of North Dakota.

April 25, 1990.

Alan Baker of the Baker Legal Clinic, Fargo, for claimant and appellant.

Dean J. Haas, Asst. Atty. Gen., Bismarck, for respondent and appellee.

LEVINE, Justice.

This appeal presents an issue of first impression in North Dakota: whether a juror is an appointed official eligible for workers compensation benefits.[1] We hold that she is and reverse and remand.

Janet Holmgren was summoned to service as a juror for the District Court for Cass County. During the course of her service, she fell on a stairway at the courthouse and injured her ankle. She filed a claim for workers compensation benefits. The Workers Compensation Bureau (Bureau) dismissed her claim, finding that she was not an employee of the State of North Dakota for purposes of workers compensation coverage. Holmgren appealed the dismissal of her claim to the district court, which affirmed the Bureau decision. This appeal followed.

■ Although the district court's analysis is entitled to respect, *Medcenter One v. Job Service*, 410 N.W.2d 521 (N.D.1987), on appeal, we review the decision of the Bureau, rather than that of the district court. *Grace v. North Dakota Workmen's Comp. Bureau*, 395 N.W.2d 576 (N.D.1986). Our review of administrative decisions is limited and controlled by NDCC § 28–32–19. *Grace, supra.* One of that statute's requirements is that we determine whether the agency decision is in accordance with the law. To make that determination, we look to the law and its application to the facts. *E.g., Speedway, Inc. v. Job Service North Dakota*, 454 N.W.2d 526 (N.D.1990); *Bickler v. North Dakota State Highway Comm'r*, 423 N.W.2d 146 (N.D.1988).

---

1. We have found only two workers compensation cases, from other jurisdictions, which deal with the issue whether a juror is a public official. Both held that a juror is not a public official. *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E.2d 240 (1966); *Industrial Comm'n v. Rogers*, 122 Ohio St. 134, 171 N.E. 35 (1930). One of these cases, *Rogers*, extended workers compensation benefits to a juror. The other, *Hicks*, denied benefits with no cogent analysis of the public official question.

In *Rogers*, the Supreme Court of Ohio held that a juror is a person in the public service of the state or county under an appointment of hire and thus eligible for benefits. The *Rogers* court rejected the position argued here by Holmgren that a juror is a public official. It should be noted that the statute construed in *Rogers* specifically excluded public officials from workers compensation coverage, while our statute specifically includes public officials.

Other jurisdictions have considered the broader issue whether a juror is eligible for workers compensation benefits. Nine jurisdictions have denied eligibility chiefly on the ground that a juror is not an employee because there is no contractual relationship between a juror and governmental body the juror serves. *Board of Comm'rs of Eagle County v. Evans*, 99 Colo. 83, 60 P.2d 225 (1936); *Metropolitan Dade County v. Glassman*, 341 So.2d 995 (Fla.1976); *Jeansonne v. Parish of East Baton Rouge*, 354 So.2d 619 (La.Ct.App.1977); *Lockerman v. Prince George's County*, 281 Md. 195, 377 A.2d 1177 (1977); *In re O'Malley's Case*, 361 Mass. 504, 281 N.E.2d 277 (1972); *Jochen v. County of Saginaw*, 363 Mich. 648, 110 N.W.2d 780 (1961); *Silagy v. State*, 105 N.J.Super. 507, 253 A.2d 478 (1969); *Seward v. County of Bernalillo*, 61 N.M. 52, 294 P.2d 625 (1966); *Hicks v. Guilford County*, 267 N.C. 364, 148 S.E.2d 240 (1966). Only Ohio, and most recently, Washington, have awarded compensation benefits to jurors. *Industrial Comm'n v. Rogers*, 122 Ohio St. 134, 171 N.E. 35 (1930); *Bolin v. Kitsap County*, 114 Wash.2d 70, 785 P.2d 805 (1990).

The more recent case, *Bolin v. Kitsap County*, was decided after we heard oral argument in the instant case. Relying on a tradition of liberal construction of that state's Industrial Insurance Act, the Washington court held that Bolin was an employee of the county while serving as a juror and that the car accident in which he was injured occurred in the course of his employment. Although there are differences between Washington's Industrial Insurance Act and North Dakota's Workers Compensation Act, there are also striking similarities. We share Washington's traditional liberal construction of workers compensation law. Our Act is to be "construed liberally with the view of extending its benefit provisions to all who can fairly be brought within them." *Syverson v. North Dakota Workmen's Comp. Bureau*, 406 N.W.2d 688 (N.D.1987).

The Bureau found that "service as a juror is a civic responsibility rather than an employment." It concluded as a matter of law that Holmgren "was not an employee of the State for purposes of workers compensation coverage during the performance of her civic responsibilities as a juror."

Holmgren argues that the Bureau decision is not in accordance with the law. She asserts that a juror is an appointed official of the state and thus an employee under our workers compensation statute. She points out that although public officials do not fit the traditional concept of "employee," they are, nevertheless, specifically included as employees under our workers compensation law.

Section 65–01–02(14), NDCC, defines "employee" to include:

"every person engaged in a hazardous employment under any appointment, contract of hire, or apprenticeship, express or implied, oral or written, and:

"a. The term includes:

"1. All elective and appointed officials of this state and its political subdivisions, including municipal corporations and including members of the legislative assembly, and all elective officials of the several counties of this state, and all elective peace officers of any city."

The word "official" is not defined in Title 65, although examples of classes included as officials are provided. NDCC § 65–01–02(14)(a)(1). While jurors are not enumerated as one of the examples of officials, neither are they specifically excluded from the definition of the broader term "employee." *See* NDCC § 65–01–02(14)(b). Thus, if a juror is an "official of this state [or] its political subdivisions," a juror is, for purposes of workers compensation law, an "employee." *See* NDCC § 65–01–02(14)(a)(1). Since the definition of "employee" includes appointed officials, when the Bureau determined that Holmgren was not an employee of the state while on jury duty, it necessarily determined that she was not an appointed official during that service.

In *State ex rel. Birdzell v. Jorgenson,* 25 N.D. 539, 142 N.W. 450 (1913), this Court dealt with the question whether members of the State Board of Tax Commissioners were state officers. In that case, we held that the commissioners were state officers because 1) they hold their positions by election or appointment, 2) are paid from public funds, 3) perform duties of a continuous nature which are 4) defined by statute and 5) related to the administration of state government. *Jorgenson,* 142 N.W. at 456, quoting from *Parks v. Commissioners of Soldiers' & Sailors' Home,* 22 Colo. 86, 43 P. 542 (1896). *See* 67 C.J.S. *Officers* § 8 (1978).

To determine whether a juror is an appointed official, we analyze the function, duties and authority of a juror in light of the tests of office enunciated by this Court in *Jorgenson.* Our analysis is shaped by our tradition of liberal construction of the Workers Compensation Act. The purpose of workers compensation is to protect workers from the hazards of employment by providing sure and certain relief for workers injured in their employment. NDCC § 65–01–01. *See, e.g., Cormier v. National Farmers Union Property & Casualty,* 445 N.W.2d 644 (N.D.1989). To that end, we construe the provisions of Title 65 liberally, with the view of extending its benefit provisions to all who can fairly be brought within them. *Lawson v. Workmen's Comp. Bureau,* 409 N.W.2d 344 (N.D.1987); *Syverson v. Workmen's Comp. Bureau,* 406 N.W.2d 688 (N.D. 1987); *Claim of Bromley,* 304 N.W.2d 412 (N.D.1981); *Morel v. Thompson,* 225 N.W.2d 584 (N.D.1975); *Boettner v. Twin City Construction Co.,* 214 N.W.2d 635 (N.D.1974); *Brown v. North Dakota Workmen's Comp. Bureau,* 152 N.W.2d 799 (N.D.1967).

### I. Appointment

■ Appointed officials are those persons designated to or selected for public office. *See State ex rel. Poole v. Peake,* 18 N.D. 101, 120 N.W. 47, 49 (1909). Potential jurors are drawn from the citizenry at large and summoned to attendance at sessions of court. NDCC §§ 27–09.1–05 to

27–09.1–09. Members of a prospective jury panel are drawn from the pool of qualified jurors and subjected to the voir dire process. *Id.* at §§ 28–14–03, 28–14–06, 29–17–03, 29–17–05, 29–17–33 to 29–17–46. Upon completion of the juror selection process, the chosen jurors swear an oath administered by the court or its clerk. NDCC §§ 28–14–08, 29–17–12 (jurors' oaths). Thus, in the broadest sense of the word, the sense adopted in *Peake*, jurors are appointed, inasmuch as they are "selected" for their positions pursuant to both rule and statute. NDRCrimP 24, NDRCivP 47; NDCC ch. 27–09.1, ch. 29–17.

## II. Public Funds

Like other public officials, jurors are paid from public funds. Section 27–09.1–14 provides that jurors will be paid mileage as well as compensation.[2] The State pays the mileage and compensation of jurors attending sessions at district court.[3] NDCC § 27–09.1–14. The current rate of compensation for district court jurors is $25 per day. *Id.*

## III. Continuous Nature

■ The requirement of tenure and permanence of duties means that the office itself has some permanence and continuity, not that the incumbent does. 67 C.J.S. Officers § 8 at 240. *See Wargo v. Industrial Comm'n*, 58 Ill.2d 234, 317 N.E.2d 519 (1974) [duties of position of county election judges are continuous without regard to the particular person who holds the office]. By virtue of the constitutional guarantee of trial by jury, the position of juror can be said to be continuous although the service of an individual juror may be short-term. A public office may exist even in the absence of a fixed term for the particular incumbent. *Alvey v. Brigham*, 286 Ky. 610, 150 S.W.2d 935 (1940). However, in North Dakota a juror's "term" or

length of service is established by statute. NDCC § 27–09.1–15.

"In any two-year period a person shall not be required:

"1. To serve or attend court for prospective service as a petit juror more than ten court days, except if necessary to complete service in a particular case...." NDCC § 27–09.1–15.

By law, an individual juror's service is required until the case in which she serves is completed. Thus, the continuous nature of a juror's duties is akin to the tenure and permanence of duties associated with public office. *See* 67 C.J.S. *Officers* § 8 at 239; *Griggs v. Harding County*, 68 S.D. 429, 3 N.W.2d 485 (1942).

## IV. Duties Defined by Statute

[4] Public office may be created by statute, *e.g.*, NDCC § 10–04–03 (securities commissioner), or constitution, *e.g.*, N.D. Const. art. V § 12 (Secretary of State, Attorney General, Treasurer, among others). Our federal and state constitutions are the genesis of the jury and juror. U.S. Const. amend. VI; N.D. Const. art. I § 13 (right of trial by jury shall be secured to all and remain inviolate). The constitution is the paramount law of our State. *See Northwestern Bell Tel. Co. v. Wentz*, 103 N.W.2d 245 (N.D.1960). Because the position of juror is created by constitution, it more than fulfills the *Jorgenson* requirement that a public office must be created or defined by statute.

The juror's duties are, however, defined by statute and embodied in the oath prescribed by law. Jurors in ·criminal cases must swear or affirm "well and truly to try and true deliverance make between the state of North Dakota and the defendant whom they have in charge, and to give a true verdict according to the evidence." NDCC § 29–17–12. In civil cases, a similar

---

2. The Bureau found that Holmgren did not receive "wages for pay" but rather "reimbursement of expenses." This finding, although of no importance to our decision, is contrary to § 27–09.1–14 which clearly provides that jurors are paid "compensation" for attendance as well as reimbursement for mileage.

3. *See also* NDCC § 29–22–02 (district court jurors after retiring for deliberation shall be furnished "food and other necessaries" at state expense).

oath or affirmation is required. NDCC § 28–14–08. Jurors must not form an opinion in the case until the case is submitted to them nor discuss the case with others or among themselves until they retire to consider their verdict. NDCC §§ 28–14–16, 29–21–28.

## V. Administration of Government and Sovereign Power

■ An appointed officer's duties must be related to the administration of government. In *Jorgenson*, we explained that "State officers are those whose duties concern the state at large or the general public, although exercised within defined limits, and to whom are delegated the exercise of a portion of the sovereign powers of the State." *Jorgenson*, 142 N.W. at 456, *quoting* 36 Cyc. at 852. *See* 67 C.J.S. *Officers* § 8 at 237–39; 1C A. Larson, *Workmen's Compensation Law* § 56.20 at 9–270 (1986). Administration of state government and the delegation of sovereign power are interrelated because public office implies authority to exercise some portion of sovereign power, either by enacting, executing or administering the laws. *See State ex rel. Gray v. King*, 395 So.2d 6 (Ala.1981). Thus, one element of sovereign power is the administration of justice. *See* NDCC § 1–01–03(7); *King*, 395 So.2d at 7; *Industrial Comm'n v. Rogers*, 122 Ohio St. 134, 171 N.E. 35 (1930). In the context of a jury trial, both judge and jury may be said to share in sovereignty, however uneven the distribution. Jurors are empowered as the sole judges of questions of fact. *Erickson v. Schwan*, 453 N.W.2d 765 (N.D. 1990). As finders of fact, jurors participate in the administration of justice and with their verdict, they perform the sovereign act of authoritatively establishing rights. *But cf. Rogers*, 171 N.E. at 36.

■ The *Jorgenson* criteria of public office were repeated and enlarged upon in several opinions of the North Dakota attorney general which dealt with eligibility for membership in the Employees Retirement System. *See* Op.N.D.Att'y Gen. June 13, 1966; Op.N.D.Att'y Gen. Mar. 8, 1966. In a context unrelated to workers compensation, the attorney general was called upon to distinguish between "employees" and "officials" of the state. Op.N.D.Att'y Gen. June 13, 1966. To the qualities of public office enumerated in *Jorgenson*, the attorney general added "importance, dignity and independence." *See also* 67 C.J.S. *Officers* § 10 at 242–44; *State v. Taylor*, 260 Iowa 634, 144 N.W.2d 289 (1966). We give respectful attention to the attorney general's opinions and follow them when we find them persuasive. *Small v. Burleigh County*, 225 N.W.2d 295 (N.D.1974). Adding the attributes of importance, dignity and independence to the *Jorgenson* criteria comports with the law in other jurisdictions. *E.g.*, *Vander Linden v. Crews*, 205 N.W.2d 686 (Iowa 1973); *Steece v. State Dept. of Agriculture*, 504 So.2d 984 (La.Ct. App.1987); *Meiland v. Cody*, 359 Mich. 78, 101 N.W.2d 336 (1960). Therefore, we adopt, as relevant factors in the determination of public officer status, importance, dignity and independence of the office.

Because a juror's contribution to the sovereign function of administering justice is significant, the importance and dignity of that position cannot seriously be questioned. "It is, of course, a truism that jurors are a vital part of the machinery for the administration of justice, and that their function is of outstanding importance." Report of the Judicial Conference Committee on the Operation of the Jury System, The Jury System in the Federal Courts, 26 F.R.D. 409, 455 (1961). In *State v. Kranz*, 353 N.W.2d 748, 751 (N.D.1984), we noted that jury trials are the "normal and preferred mode" of fact-finding in criminal cases. We said, "The right to be tried by one's peers is fundamental to the American system of criminal justice; 'an inestimable safeguard against the corrupt or overzealous prosecutor or against the compl[ia]nt, biased or eccentric judge.'" *Kranz*, 353 N.W.2d at 751, *quoting Duncan v. Louisiana*, 391 U.S. 145, 149, 156, 88 S.Ct. 1444, 1447, 1451, 20 L.Ed.2d 491 (1968).

However, the question arises whether jurors, who are bound to accept the law as it is given by the court, operate with that measure of independence enjoyed by a public officer. But subordination to a superior

does not necessarily render a subordinate a non-official. *See* Op.N.D.Att'y Gen. June 13, 1966 at 303. *See also* 1C A. Larson, *Workmen's Compensation Law* § 56.20 at 9–271. In his treatise on workers compensation law, Larson suggests that the independence test, while helpful in determining status as a public official, "should not be given any controlling importance of its own." [4] *Id.* As Professor Larson points out, "there are very few officials in the governmental hierarchy who are not responsible to some higher official or board." *Id.* Like a juror, every public official, whose duties are defined by law, is given the law and must follow it. Acknowledging that the law controls the performance of jurors as it controls the performance of all public officials, does not necessarily strip either of independence .of thought and action. *See Vander Linden v. Crews*, 205 N.W.2d 686 (Iowa 1973).

Further, although jurors must follow the law as it is given by the court and apply only that law to the facts as the jurors find them, within their own province, jurors are autonomous. "[T]hey are given the power of decision and are permitted to deliberate in secret and to announce their verdict without giving reasons for it." ABA Standards Relating to Trial by Jury at 1. (Introduction to the Approved Draft 1968). Jurors alone measure the credibility of witnesses, *Construction Assocs., Inc. v. Fargo Water Equip. Co.*, 446 N.W.2d 237 (N.D.1989), and the weight of the evidence, *Erickson v. Schwan*, 453 N.W.2d 765 (N.D. 1990). In civil cases, they determine liability, apportion fault and assess damages. *See Kavadas v. Lorenzen*, 448 N.W.2d 219 (N.D.1989). In criminal cases, the jury determines the ultimate issue of guilt or innocence. *State v. Huber*, 361 N.W.2d 236 (N.D.), *cert. denied*, 471 U.S. 1106, 105 S.Ct. 2339, 85 L.Ed.2d 855 (1985).

Thus, the juror plays an integral role in the administration of justice. It is the court which defers to the jury in those areas committed to jurors' discretion, and not the other way around. *See City of Bismarck v. Bauer*, 409 N.W.2d 90 (N.D. 1987). *See also Grenz v. Kelsch*, 436 N.W.2d 552, 556 (N.D.1989) [on a motion for new trial, the trial court does not presume to act as a thirteenth juror and may not substitute its own judgment for that of the jury]; *Wastvedt v. Vaaler*, 430 N.W.2d 561, 564 (N.D.1988) [on a motion for judgment notwithstanding the jury's verdict, the trial court must give deference to the jury's evaluation of the evidence and its judgment of the credibility of witnesses]. Our policy is to preserve jury verdicts. *Okken v. Okken*, 325 N.W.2d 264, 267 (N.D.1982). To that end, we zealously give full reign to the jury by limiting impeachment of jury verdicts and preventing examination of mental processes involved in jury deliberations. NDREv 606(b). We recognize that an unbridled examination of the jury's internal deliberations would threaten the effectiveness and function of the jury system. *Andrews v. O'Hearn*, 387 N.W.2d 716, 719 (N.D.1986). Our deference to jury verdicts encourages the jury to operate independently of all constraints but the law itself. That level of independence is one of the hallmarks of a public official.

■ Because a juror fulfills all of the *Jorgenson* requirements as well as the "importance, dignity and independence" test, we conclude that a juror is a public official for purposes of workers compensation. [5] Our decision is consonant with our deepseated tradition of extending workers compensation benefits to all those who fairly can be brought within the scope of coverage. *Syverson v. Workermen's Comp.*

---

4. Indeed, we note that in applying the criteria of office to the facts of a particular case, other jurisdictions have held that it is not necessary that a position meet every criterion in order that the holder of the position qualify as a public officer. *E.g., State v. Crenshaw*, 274 S.C. 475, 266 S.E.2d 61 (1980) [policemen sufficiently meet enough of enumerated criteria of public officer to qualify].

5. The dissent suggests that a juror cannot be a public officer because service as a juror may be compelled, NDCC § 27–09.1–16, and is therefore involuntarily undertaken. But, a township officer is a public officer, NDCC § 44–02–02(6), notwithstanding that she also may be compelled to serve in that capacity, NDCC § 54–01–19(7)(d).

*Bureau*, 406 N.W.2d 688 (N.D.1987). Since public officials are "employees" for purposes of North Dakota's workers compensation law, NDCC § 65–01–02(14), the Bureau erred in concluding as a matter of law that Holmgren was not an employee during her jury service. If otherwise qualified, she is eligible for workers compensation benefits. Accordingly, we reverse the judgment of the district court and remand to the Bureau for a determination of benefits, if any, due Holmgren.

ERICKSTAD, C.J., and LEVINE, GIERKE and MESCHKE, JJ., concur.

VANDE WALLE, Justice, dissenting.

North Dakota should provide compensation for injury to persons who are called to perform a "civic responsibility" such as jurors. Presumably, if the Legislature were faced directly with the question of whether or not a person who is injured while in the performance of duties as a juror should receive coverage, it would agree with that conclusion for if a juror need not be well paid for their efforts [$25.00 per day. *See* § 27–09.1–14, NDCC] a person nevertheless should be compensated for injuries incurred while serving as juror. Having arrived at that conclusion, should we now attempt to recast the mold of a public officer to fit that of a juror in order to permit compensation to be paid? I like the result reached by the majority but I am less enthralled with the process by which that result is reached.

Although I do not necessarily disagree with the analysis engaged in by the majority, one salient factor is suppressed: Public officials, as § 65–01–02(14), NDCC, reflects, may be either elected or appointed but they choose to serve at their own volition. *See* § 44–01–04 [failure to qualify for office creates a vacancy]. Jurors, on the other hand, have no choice but to accept jury duty unless excused by the court. NDCC §§ 27–09.1–01 [obligation to serve as juror], 27–09.1–06 [penalties for failure to perform jury service]. Surely, of all the attributes of a public office, the threshold requirement must be that one assumes the office voluntarily. If service is not volun-

tary, the other attributes of a public official are irrelevant. If there is no contract between the State and the juror, such as to constitute the juror an employee of the State, it appears to me that same omission dooms the analysis which attempts to hold that the juror is a public officer, *i.e.*, an officer also has a contractual relationship with the State. The North Dakota statute includes a public official within the definition of "employee" so it appears that one could not be a public official without also being an employee.

If we are to engage in judicial legislation, I would do so generally, *i.e.*, simply declare that for purposes of worker's compensation a juror is an employee. That will at least avoid the tortured analysis of the term "public official" which may in the future require us to explain and distinguish the decision or to apply it with an illogical result. But, because I believe a juror is not included within the term "employee," I cannot even concur in the result.

The majority cites, but does not appear to rely upon, the recent decision of *Bolin v. Kitsap County*, 114 Wash.2d 70, 785 P.2d 805 (1990), the only decision, other than *Industrial Comm'n v. Rogers*, 122 Ohio St. 134, 171 N.E. 35 (1930), the rationale of which has been rejected by all other jurisdictions considering this issue, to extend coverage to jurors. An analysis of *Bolin* indicates Washington would ·reach a contrary decision under North Dakota law. As the *Bolin* court notes in its opinion, the Washington statute is distinguishable from most other jurisdictions which have considered the matter in that, unlike many States which list or define employments included for coverage, the Washington statute lists only employments excluded. Jurors were not excluded. Section 65–01–02(14), NDCC, does, of course, list who is included within the term "employee," although it also contains a provision indicating who is not included within the term. Because of the limitation both by specifically listing who is included within the term "employee" as well as· who is excluded from that term, I do not believe we have as broad authority to construe that term as the majority assumes we have. The "lib-

eral construction" principle has been recited many times in our past opinions but in most instances those cases involved application of the compensation Act to those who were clearly employees. Few of those decisions concerned the statutory definition of "employee."

The principle of liberal construction has its roots in § 65–01–01 and the axiom that to promote the ends intended to be secured by the enactment of the Act it must be liberally construed. *Erickson v. North Dakota Workmen's Compensation Bureau*, 123 N.W.2d 292 (N.D.1963); *Bordson v. North Dakota Workmen's Compensation Bureau*, 49 N.D. 534, 191 N.W. 839 (1922). An examination of the wording of § 65–01–01 and the statement therein that "the prosperity of the state depends in a large measure upon the well-being of its *wage workers* ..." [emphasis mine] leaves considerable doubt whether it was intended to apply to the type of service provided by a juror. While the Act is to be liberally construed to effect its purpose, the intent of the Act must be carried out and the terms of the Act cannot be ignored. *Kipp v. Jalbert*, 110 N.W.2d 825 (N.D.1961) [holding that a carpenter employed to assist farmer in dismantling of barn is not an employee within the provisions of the Act].

*Bolin* discussed the fact that jurors are involuntary workers and observed that in Washington they had implicitly held that involuntary service may be employment, citing *Rector v. Cherry Valley Timber Co.*, 115 Wash. 31, 196 P. 653 (1921), because the Washington statute, unlike that of other States, does not define employment as an appointment or contract for hire.[1] The North Dakota statute, like that of the States which have held jurors not to be employees, defines an "employee" to mean a person engaged in hazardous employ-

ment under any "appointment, contract of hire, or apprenticeship...." The Washington court observed that, of the other States which had considered the matter, only New Jersey had a statute which did not contain the "appointment or contract for hire" language but that the New Jersey court "felt constrained to exclude jurors from coverage because the New Jersey act, unlike the Washington act, excludes casual employment." *Bolin, supra,* 785 P.2d at 807. North Dakota also excludes casual employment from coverage. Section 65–01–02(14)(b)(1) [The "term [employee] does not include: (1) Any person whose employment is both casual and not in the course of the trade, business, profession, or occupation of that person's employer."]

Finally, jury service has apparently heretofore not been considered employment for the purpose of assessment of premiums against the County or State. The payment of the premium by the employer is not a prerequisite for recovery from the Workers Compensation Fund, *Cf. Pearce v. North Dakota Workmen's Compensation Bureau,* 68 N.D. 318, 279 N.W. 601 (1938). But we, nevertheless, ought to be cautious before requiring coverage by judicial fiat for a group of persons for whom the Bureau has not heretofore required the payment of premiums lest we endanger the stability of the Fund at the expense of those day-to-day wage earners for whom the Act was intended.

Because, given the definition of "employee" as contained in the statute, I believe the issue of workers' compensation is a legislative, not a judicial matter, I regretfully dissent.

---

1. North Dakota has, by specific legislation, included certain involuntary employees within the coverage of the Act. *See* NDCC § 65–06.2–02, specifying coverage for inmates in the performance of work in connection with the maintenance of the institution or with any industry maintained therein or with any public service activity. Section 65–06.2–03 authorizes, but does not require, any county or city to elect to cover its inmates with workers compensation benefits.

Inmates, some of whom are employed in institutional industries for compensation, are, except for the fact that the employment is not voluntary, clearly engaged in employment within the statutory definitions. Nevertheless, the Legislature believed it necessary to enact specific legislation to include them within the coverage. If that was necessary for the inmates because their employment was not voluntary, it would also appear necessary for jurors.