CARTER, Judge.
This is an appeal from a trial court judgment maintaining a peremptory exception raising the objection of prescription in a suit for compensatory time pay.
FACTS
Plaintiff, David Steece, was employed by the State of Louisiana, Department of Agriculture (Department) from July 19, 1976, until his dismissal on March 10, 1978. During his employment, Steece held positions as the Assistant Commissioner of Agriculture pursuant to LSA-R.S. 36:627 et seq.[1] and Director of the Louisiana Pork Promotion Board.[2] Plaintiff claims he accumulated 1220V2 hours of compensatory time while working for the Department.
Thereafter, plaintiff requested payment for the accumulated time, which was denied by the Department. On October 11, 1982, plaintiff filed suit for payment for accumulated time against the Department and Gil Dozier, then Secretary of the Department.
Defendants filed peremptory exceptions raising the objection of prescription and the objection of no cause or right of action.[3]
*986 The trial court granted the peremptory exception raising the objection of prescription on August 12, 1985, and dismissed plaintiffs suit with prejudice.
Plaintiff appeals the trial court judgment maintaining the exception of prescription and raises the following issues:
1. Whether plaintiff, as a former Assistant Commissioner of Agriculture and as Director of the Louisiana Pork Promotion Board was a public officer of the State of Louisiana;
2. Whether plaintiff's claim for reimbursement for compensatory time accumulated is governed by LSA-C.C. art. 3534 or LSA-C.C. art. 3544.
DISCUSSION
Plaintiff contends that his suit for unpaid compensatory time is governed by the ten-year prescriptive period for personal actions under former LSA-C.C. art. 3544[4] rather than the prescritive period of former LSA-C.C. art. 3534, which provides that actions of “workmen, laborers and servants, for the payment of their wages” are prescribed by one year. Plaintiff reasons that former LSA-C.C. art. 3534 does not apply to his action because he was “a public officer” of the State, not an employee.
In determining whether a person is a “public officer” rather than an “employee” of a political subdivision, we should look to the following factors: (1) a portion of the sovereign function of government has been delegated to him; (2) an official oath of office was required and administered; (3) his duties and powers were prescribed by statute rather than by contract; (4) the duration or term of his employment was fixed by statute; and (5) the position carried a high degree of dignity and independence. Devillier v. City of Opelousas, 247 So.2d 412 (La.App. 3rd Cir.1971). Other determinants considered by the courts are whether the public servant is under the direct control and supervision of an employer; whether he makes important policy decisions; and whether he has to meet certain qualifications prescribed by law. See Cloud v. State, 420 So.2d 1259 (La.App. 3rd Cir.1982), writs denied, 423 So.2d 1166, 1167 (La.1982). See also State v. Haltom, 462 So.2d 662 (La.App. 1st Cir.1984).
In the present case, no evidence was offered at the hearing on the peremptory exception. Therefore, in determining whether plaintiff is a “public officer” rather than an employee, our consideration must be limited to the pleadings and the statutory authority governing his former position.
A portion of the sovereign function of government clearly is delegated to the commissioner of agriculture by LSA-Const. art. IV, § 10[5] and LSA-R.S. 3:2.[6] While *987 the commissioner may in turn delegate a portion of that sovereign function to his assistants, the exercise of their authority is subject to the commissioner’s complete control and supervision. See LSA-R.S. 36:627(B) and (D). Although an assistant commissioner's appointment must be approved by the Louisiana Senate, LSA-R.S. 36:627 does not require an assistant to take an oath of office. Further, the statute does not specifically prescribe the powers and duties of an assistant commissioner, but states those powers and duties shall be determined by the commissioner. LSA-R.S. 36:627(B). An assistant commissioner serves “at the pleasure of the commissioner,” and his term of employment is not provided for by statute. LSA-R.S. 36:627(A). In addition, an assistant commissioner does not have to meet any qualifications established by law.
Even though Steece, as an Assistant Commissioner of Agriculture, was confirmed by the Senate, we find that he did not meet the requirements of Devillier v. City of Opelousas, supra, to be classified as a “public officer.” During his tenure as an Assistant Commissioner of Agriculture, Steece was an “employee” of the Department. Consequently, his action for unpaid wages is governed by the one-year prescriptive period of former LSA-C.C. art. 3534, now LSA-C.C. art. 3494.[7] Under new LSA-C.C. art. 3494(1), an action for the recovery of wages prescribes in three years. However, plaintiff’s action for unpaid wages was not filed until four and one-half years after he was terminated from his employment with the Department. Under former LSA-C.C. art. 3534 and new LSA-C.C. art. 3494(1), plaintiff’s action for compensatory pay has prescribed. See Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 609 F.Supp. 1302 (E.D.La.1984). Clearly, the trial court was correct in maintaining defendants’ exception raising the objection of prescription.
For the above reasons, the judgment of the trial court sustaining defendants’ peremptory exception and dismissing plaintiff’s suit is affirmed. Plaintiff is cast for costs.
AFFIRMED.
LOTTINGER, J., concurs.

.LSA-R.S. 36:627 provides as follows:
A. In addition to the office of management and finance, each other office within the Department of Agriculture shall be under the immediate supervision and direction of an assistant commissioner. The assistant commissioner of each such office shall be appointed by the commissioner with the consent of the Senate. Each shall serve at the pleasure of the commissioner and shall be paid a salary which shall be fixed by the commissioner which salary shall not exceed the amount approved for such position by the legislature while in session.
B. Except as otherwise expressly provided in this Title, the duties and functions of each office and its assistant commissioner shall be determined by the commissioner, and all of such duties and functions shall be exercised under the direct supervision and control of the commissioner of agriculture.
C. Except as otherwise provided in R.S. 36:801, each assistant commissioner shall employ, appoint, remove, assign, and promote such personnel as is necessary for the efficient administration of his office and its programs and the performance of its powers, duties, functions, and responsibilities, in accordance with applicable civil service laws, rules, and regulations, and with policies and rules of the department, all subject to budgetary control and applicable laws.
D. Each assistant commissioner shall exercise all powers and authority granted to him in this Title subject to the overall direction and control of the commissioner of agriculture.
E. The assistant commissioner of the office of marketing shall be the executive director of the farm youth loan program, in accordance with applicable law.

. Plaintiffs petition states only that he was Assistant Commissioner during the time of employment with the State Department of Agriculture. In brief, plaintiff discusses his position as Director of the Pork Promotion Board also. However, there is no evidence in the record regarding his tenure in the latter position.

. There is no such exception as an “exception of no cause or right of action.” LSA-C.C.P. art. 927(4, 5). Robinson v. North American Royalties, Inc., 463 So.2d 1384 (La.App. 3rd Cir.1985), amended on other grounds, 470 So.2d.112 (La.1985). Peremptory exceptions of no cause of action and no right of action are separate and distinct, each serving a particular purpose and each following particular procedural rules. Smith v. Livingston Parish Police Jury, 423 So.2d 5 (La.App. 1st Cir.1982). A peremptory exception raising the objection of no cause of action puts at issue whether the law affords a remedy to anyone for the particular grievance alleged *986 by plaintiff, while the peremptory exception raising the objection of no right of action is employed, in cases where the law affords a remedy to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the issue as to whether plaintiff has the right to invoke a remedy which the law extends only conditionally. Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). The exception filed by defendants in this case is in truth an exception of no cause of action. Clearly, in the instant case, if anyone has a right to bring this action for payment for compensatory time, it is the plaintiff.

.LSA-C.C. art. 3544, as it appeared prior to its amendment and reenactment by Acts 1983, No. 173, effective January 1, 1984, provided as follows:
In general, all personal actions, except those before enumerated, are prescribed by ten years.

. LSA-Const. art. IV, § 10 provides as follows:
There shall be a Department of Agriculture. The commissioner of agriculture shall head the department and shall exercise all functions of the state relating to the promotion, protection, and advancement of agriculture, except research and educational functions expressly allocated by this constitution or by law to other state agencies. The department shall exercise such functions and the commissioner shall have other powers and perform other duties authorized by this constitution or provided by law.

. LSA-R.S. 3:2 (after amendment by Acts 1986, Act 581, § 1) provides in pertinent part as follows:
The Department of Agriculture is created in accordance with the provisions of Article IV, Section 10 of the Constitution of Louisiana. The commissioner of agriculture shall head the department and shall exercise all func *987 tions of the state relating to the promotion, protection, and advancement of agriculture and forestry, except research and educational functions expressly allocated by the constitution or by law to other state agencies. The department shall exercise such functions and the commissioner shall have other powers and perform such duties as authorized by the constitution or provided by law.

. LSA-C.C. art. 3494 provides as follows:
The following actions are subject to a liber-ative prescription of three years:
(1)An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
(2) An action for arrearages of rent and annuities;
(3) An action on money lent;
(4) An action on an open account; and
(5) An action to recover underpayments or overpayments of royalties from the production of minerals, provided that nothing herein applies to any payments, rent, or royalties derived from state-owned properties.