GUIDRY, J.
|2In this workers’ compensation proceeding, a local district attorney appeals a judgment of the Office of Workers’ Compensation Administration finding the district attorney liable for payment of workers’ compensation benefits to the legal dependents of a deceased employee.
FACTS AND PROCEDURAL HISTORY
On September 30, 2008, while traveling home from a Louisiana District Attorney Association seminar, Millard Gatewood, an assistant district attorney serving in the Twenty-Second Judicial District, was killed in a one-car accident. Following his death, workers’ compensation death benefits were paid to his widow by the Parish Government Risk Management Agency Group Self-Insured Fund (PGRMA) on behalf of the Washington Parish Government.
At the time of his death, three separate governmental entities were contributing to the payment of Mr. Gatewood’s salary in the following listed percentages: 4.15% by the Washington Parish Government, 45.85% by the Twenty-Second Judicial District Attorney’s Office, and 50% by the State of Louisiana.[1] On September 28, 2009, the Washington Parish Government filed a disputed claim for compensation against the State of Louisiana and the Honorable Walter P. Reed, as district attorney of the Twenty-Second Judicial District (“District Attorney”), seeking reim *357 bursement for workers’ compensation death benefits paid to Mr. Gatewood’s legal dependents — his widow and minor children — but it later dismissed its claim, without prejudice, against the State of Louisiana.[2]
laOn June 4, 2010, the Washington Parish Government filed an amended disputed claim for compensation to name Denise Gatewood[3] as a party defendant, individually as the widow of Millard Gatewood and on behalf of her minor children. It also added its workers’ compensation insurer, PGRMA, as a party to the claim. In the amended claim, the Washington Parish Government asserted that the basis for the amended disputed claim was to decide “[cjoverage of deceased employee under the Louisiana Workers’ Compensation Act, the entitlement of the deceased employee’s widow and minor children to death benefits and the respective contributions owed by each payroll employer for any death benefits, past and future, that are owed.”
In conjunction with the amended disputed claim, the Washington Parish Government also filed a petition for declaratory judgment, wherein it also sought to have Mr. Gatewood’s legal dependents added as party defendants to its pending workers’ compensation claim. In the petition, the Washington Parish Government and PGRMA sought a declaratory judgment regarding whether Mr. Gatewood’s “legal dependents are entitled to Louisiana workers’ compensation death benefits, and, if such benefits are owed” and whether the Washington Parish Government and PGRMA are entitled to contribution from the district attorney’s office for the Twenty-Second Judicial District for all workers’ compensation death benefits paid and to be paid. In answer to the petition for declaratory judgment, Ms. Gatewood asserted that the Washington Parish Government and PGRMA are liable for payment of workers’ compensation death benefits by virtue of the Washington Parish Government exercising its discretion “to provide workers’ compensation coverage for its officials” in accordance with La. R.S. 23:1034(C).
The matter then proceeded to trial, following which the workers’ compensation judge (WCJ) rendéred judgment in favor of the Washington Parish | .government and Ms. Gatewood, individually and on behalf of her minor children, and against the District Attorney, holding that Mr. Gate-wood was the joint employee of the Washington Parish Government and the District Attorney, such that Mr. Gatewood was covered under the provisions of the Louisiana Workers’ Compensation Act. The WCJ therefore held the Washington Parish Government and the District Attorney solidarity liable for payment of workers’ compensation death benefits, and accordingly, ordered the District Attorney to reimburse the Washington Parish Government for 91.7 percent of the indemnity benefits paid to the legal dependents of Mr. Gatewood and funeral expenses in the amount of $6,877.50. The WCJ also ordered the District Attorney to continue to pay its proportionate share of the workers’ compensation death benefits owed to Ms. Gatewood and her minor children. Following the denial of his motion for new trial, the District Attorney suspensively appealed the judgment of the Office of Workers’ Compensation Administration.
ASSIGNMENTS OF ERROR
On appeal, the District Attorney contends that the following errors committed *358 by the WCJ led to her improperly finding the District Attorney liable for payment of workers’ compensation death benefits to the legal dependents of Mr. Gatewood:
1. In failing to find Millard Gatewood an “official” within the meaning and intent of [La.] R.S. 23:1034;
2. In failing to address the exclusion of “officials[,”] and Millard Gatewood in particular, from workers^] compensation coverage under [La.] R.S. 23:1034;
3. In finding Millard Gatewood to be a “joint employee” of Washington Parish Government and Walter P. Reed, District Attorney, 22nd Judicial District;
4. In casting the office of Walter P. Reed, District Attorney, 22nd Judicial District, in judgment for a portion of the workers[’] compensation death benefits being paid to Millard Gatewood’s survivors by Washington Parish Government[;]
|55. In failing to find that Millard Gate-wood was outside the course and scope of his employment at the time of the accident.
DISCUSSION
The first and most critical issue raised in this appeal is the WCJ’s classification of Mr. Gatewood as a public employee rather than an “official.” This determination is critical because La. R.S. 23:1034 provides, in pertinent part:
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory;....
B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1.... [Emphasis added.]
A public officer is defined simply as “any person holding a public office in this state,” according to La. R.S. 42:1. The statute then goes on to define “public office” as “any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.”
The position of assistant district attorney is established in both the constitution and laws of this state. See La. Const. art. V, § 26 and La. R.S. 16:51. Thus, under a plain reading of La. R.S. 42:1, an assistant district attorney would qualify as a public officer, and thereby an “official” for purposes of La. R.S. 23:1034, since the position of assistant district attorney is established in both the constitution and laws of this state.
Notably, however, both the WCJ and the parties to this litigation have relied on jurisprudential tests to debate whether Mr. Gatewood, who held the position of assistant district attorney, was an official for purposes of La. R.S. 23:1034. The two primary cases considered are a decision of this court in Steece v. State, Department of Agriculture, 504 So.2d 984 (La.App. 1st *359 Cir.1987), and the third circuit’s decision in Cloud v. State, 420 So.2d 1259 (La.App. 3d Cir.), writs denied, 423 So.2d 1166 and 1167 (La.1982).
In Steece, the plaintiff claimed that he was a “public officer” for the purpose of showing that his claim for unpaid compensatory time was not prescribed. Yet, in considering whether the plaintiff was a public officer, the court did not once refer to La. R.S. 42:1 in its analysis. See Steece, 504 So.2d at 986-87. The earlier opinion of Cloud, however, expressly dealt with both La. R.S. 42:1 and La. R.S. 23:1034. In its analysis, the third circuit found that the plaintiff in that case, a deputy coroner, was a “public official” under the plain construction of La. R.S. 23:1034 and La. R.S. 42:1. Cloud, 420 So.2d at 1262. Nevertheless, the court went on to analyze whether the plaintiff could be deemed a “public officer” under the existing jurisprudential tests, presumably because the plaintiffs claim arose in 1979, three years before the Louisiana Legislature amended La. R.S. 23:1034 to expressly define “officials” in the statute in accordance to La. R.S. 42:1.[4] Cloud, 420 So.2d at 1262-63.
We believe that even under the jurisprudential tests outlined in Steece and Cloud, Mr. Gatewood was an “official”; but as the legislature, in the solemn |7expression of its will, clearly provided that any person satisfying the definition of “public officer” under La. R.S. 42:1 constitutes an “official” for purposes of La. R.S. 23:1034, we will simply rely on that statutory authority to support our determination. See La. C.C. arts. 2 and 9; see also Fontenet v. Cypress Bayou Casino, 06-0300 (La.App. 1st Cir. 6/8/07), 964 So.2d 1035, 1040-1041.
Thus, as • assistant district attorneys clearly are “public officers” as defined under La. R.S. 42:1, we find that the WCJ legally erred in finding Mr. Gatewood was not an official for purposes of La. R.S. 23:1034.
Furthermore, as Mr. Gatewood is an official, La. R.S. 23:1034(B) exempts the district attorney' from the obligation to provide the ‘exclusive, compulsory, and obligatory’ coverage otherwise required of employers under the Louisiana Workers’ Compensation Act. However, despite this exemption, La. R.S. 23:1034(0 does allow any political subdivision, “in its own discretion and by using its own funds available for same, [to] provide workers’ compensation coverage for its officials, in addition to having to provide such coverage for its employees.” The record before us reveals that the Washington Parish Government so elected to provide workers’ compensation coverage for Mr. Gatewood, but there is no evidence establishing that the District Attorney so acted. Accordingly, we find the WCJ erred in casting the District Attorney in judgment for the payment of such benefits. We, therefore, reverse the judgment of the Office of Workers’ Compensation Administration, insofar as it *360 holds the District Attorney liable for reimbursement and payment of workers’ compensation benefits to the legal dependents of Mr. Gatewood.[5]
^CONCLUSION
Based on the plain construction of La. R.S. 23:1034, in accordance with La. R.S. 42:1, we find that the WCJ erred in holding the Office of the District Attorney for the Twenty-Second Judicial District solidarity liable for the payment of workers’ compensation benefits to the legal dependents of Millard Gatewood. We therefore reverse those portions of the judgment: holding the Office of the District Attorney for the Twenty-Second Judicial District solidarily liable for the payment of workers’ compensation benefits; ordering the Office of the District Attorney for the Twenty-Second Judicial District to reimburse the Washington Parish Government for payment of workers’ compensation and funeral benefits; and ordering it to pay a proportionate share of future workers’ compensation benefits to the legal dependents of Millard Gatewood. All costs of this appeal, in the amount of $333.43, are cast to the Washington Parish Government.
REVERSED IN PART.

. In the written trial stipulations submitted at the hearing, the percentage of contribution listed for the Washington Parish Government is incorrectly listed as 5.15%.

. See La. R.S. 23:1034(D).

. At trial, Ms. Gatewood testified that her full name is Susan Denise Gatewood.

. The preamble to 1981 La. Acts Ex.Sess., No. 25 states:
To amend and reenact Section 1034 of Title 23 of the Louisiana Revised Statutes of 1950, relative to workmen's compensation coverage for public employees and the exceptions and exemptions thereto and to their exclusive remedies, to interpret and clarify by definition the "officials” excepted from the coverage provided therein, to provide that any political subdivision may, in its own discretion and by using its own funds available for same, provide such coverage for its own officials, and otherwise to provide with respect thereto.
As the pertinent portion of La. R.S. 23:1034 that was amended by Act 25 constituted interpretive legislation, the amendment could be given retroactive effect. See La. C.C. art. 6. Hence, the additional analysis of the deputy coroner’s classification under the existing jurisprudential tests was not necessary.

. In so finding, we pretermit consideration of whether Mr. Gatewood was the joint employee of the District Attorney and the Washington Parish Government. We also pretermit discussion of the District Attorney’s final assignment of error in light of our discussion and resolution of the other assignments of error.